Mark **RICHARDS,** William **Hetherington,** Sean **McAuley,** Michael **Narin,** Boris **Stojanovic,** and Ian **Ward,** Appellants,

v.

**TRANSOCEAN, INC.,** Appellee.

No. 01–08–00923–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 14, 2010.

Rehearing Overruled Dec. 23, 2010.

Joseph Charles Blanks, Hobson Blanks, PC, Doucette, TX, for Appellants.

James R. Watkins, Royston, Rayzor, Vickery & Williams, L.L.P., Galveston, TX, for Appellee.

Panel consists of Justices KEYES, SHARP, and MASSENGALE.

### OPINION ON REHEARING

MICHAEL MASSENGALE, Justice.

Appellee Transocean, Inc. has moved for rehearing. We grant rehearing, withdraw our opinion and judgment of July 22, 2010, and issue the following in their stead. Our disposition of the case remains unchanged.

This appeal arises out of allegations of negligence in allowing piracy and hostage taking at sea. Our task is to construe the specific ground upon which Transocean moved for a no-evidence summary judgment. The district court granted the motion, and the plaintiffs bring three issues on appeal. Because Transocean's motion for summary judgment failed to address a theory of liability contained within the

plaintiffs' live pleadings, we reverse and remand for further proceedings.[1]

## Background

Appellants Mark Richards, William Hetherington, Sean McAuley, Michael Narin, Boris Stojanovic, and Ian Ward sued Transocean for negligence. Appellants claim they were employed by Transocean and its affiliated and subsidiary companies as maritime workers on two offshore drilling rigs located in Nigerian waters. They also claim that the two rigs were owned by Transocean and its affiliated and subsidiary companies.

Appellants allege they were taken hostage onboard the rigs for two weeks by local "brigands and pirates." During this time, they claim they endured "repeated threats of cruel death, torture, and dismemberment." They sued Transocean for negligence, arguing that Transocean breached its duty to provide a safe workplace. In the alternative, appellants also pleaded a claim for conspiracy.

Transocean filed a document captioned "No Evidence Motion for Summary Judgment." In the second paragraph of that motion, Transocean affirmatively stated that (1) the two drilling rigs, Trident 6 and Trident 8, were owned and operated by other companies at the time of the hostage incident and (2) Transocean "was neither the owner nor the operator" of either rig. Attached to Transocean's no-evidence summary-judgment motion was the affidavit of its associate general counsel and corporate secretary. The affidavit states:

> Transocean, Inc. was neither the owner nor the operator of the TRIDENT 6 or the TRIDENT 8 in April 2003, while those rigs were operating off the coast

of Nigeria. At that time, those rigs were operating pursuant to an Agreement between the Shell Petroleum Development Company of Nigeria, Ltd. and Sedco Forex International, Inc. Transocean was not the employer of any personnel working on the rigs.

Appellants subsequently filed their third amended petition, which added the following claim:

> Plaintiff [sic] sues TransOcean, Inc., under a joint enterprise liability theory. Plaintiffs allege the defendant is a joint enterprise liable vicariously for the negligence of its relevant subsidiaries including Transocean International Drilling, Ltd.; Sedco Forex International Resources, Ltd.; Sedco Forex International, Inc.; Shell; Triton Industries, Inc.; Triton Holding, Ltd.; and for the Transoceanic subsidiaries who employed the Plaintiffs at the time of the hijacking. . . .

At the same time, appellants filed their response to the motion for summary judgment. The response included nine exhibits of summary-judgment evidence and argued that Transocean was liable under a joint enterprise liability theory.

Appellants' summary-judgment evidence included the deposition of an assistant secretary for Transocean. Among other things, the deponent stated in a general reference to Transocean's subsidiaries that "Transocean, Inc. owns all of these companies, whether directly or indirectly, a hundred percent."

The district court conducted a hearing, and the reporter's record is captioned "Hearing on Defendant's No–Evidence Motion for Summary Judgment."[2] The

---

1. Apart from quoted material, which depending on context could have some other meaning, all references to "Transocean" in this opinion refer to Transocean, Inc.

2. Because appellants' third amended petition was filed more than seven days before the summary-judgment hearing, appellants were not required to seek leave from the district

district court granted the motion and signed a final take-nothing summary judgment.

## Analysis

Appellants bring three issues, first challenging the rendition of a no-evidence summary judgment. In the alternative, if the judgment is construed as being based on a traditional summary-judgment ground, appellants challenge the rendition of a traditional summary judgment because (1) the supporting affidavit was not competent evidence and (2) Transocean did not carry its burden under the traditional standard. We review the district court's summary judgment de novo. *See Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005).

### I. No-evidence motion

When reviewing a no-evidence summary judgment, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex.2006) (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005); *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 208 (Tex. 2002)).

 We first determine the specific ground upon which Transocean moved for summary judgment, as it is well settled that a trial court cannot grant a summary-judgment motion on grounds not presented in the motion. *See Timpte Indus., Inc. v. Gish,* 286 S.W.3d 306, 310 (Tex.2009) (citing *Johnson,* 73 S.W.3d at 204; *Sci.*

*Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex.1997)). The Texas Supreme Court has held that a no-evidence motion for summary judgment must give fair notice to the nonmovant of the grounds for the summary judgment. *See Timpte,* 286 S.W.3d at 310–11 (quoting Tex.R. Civ. P. 166a(i)). This means that a no-evidence motion must be specific in challenging the evidentiary support for an element of a claim or defense. *Id.* at 310 (quoting Tex.R. Civ. P. 166a(i) cmt.–1997).

Transocean's motion for summary judgment states in relevant part as follows:

> Plaintiffs have simply provided no evidence whatsoever that (1) Transocean, Inc. owed Plaintiffs a legal duty; (2) Transocean, Inc. breached that duty; or (3) Transocean, Inc.'s breach of that duty proximately caused Plaintiffs' damages. . . .
>
> The facts established by the affidavit . . . clearly show that Transocean, Inc. was neither the owner nor the operator of . . . TRIDENT 6 or . . . TRIDENT 8. *See* Exhibit A. As such, no legal duty was owed by Transocean, Inc. to the Plaintiffs thereby making a finding of negligence unfeasible. Transocean, Inc. was not responsible for providing and overseeing security on . . . TRIDENT 6 or . . . TRIDENT 8, or for ensuring a safe place to work for the Plaintiffs. Transocean, Inc. did not have a means of preventing the alleged incidents from occurring and furthermore, did not have a legal duty to do so. Therefore, Transocean, Inc.'s Motion for Summary Judgment should be granted on all issues raised by the Plaintiffs.

This constitutes the only specific legal argument Transocean made in its motion for the district court to render a summary

---

court to file the amended petition. *See* Tex.R. Civ. P. 63; *Cont'l Airlines, Inc. v. Kiefer,* 920 S.W.2d 274, 276 (Tex.1996) (citing *Goswami*

*v. Metro. Sav. & Loan Ass'n,* 751 S.W.2d 487, 490 (Tex.1988)).

judgment, and it is based on a no-evidence ground.[3] Transocean thus specifically moved for summary judgment on the ground that appellants had no evidence of their negligence claim because Transocean Inc. neither owned nor operated the rigs and, "as such," i.e., for that reason, owed no duty to appellants.

Transocean's ground for summary judgment thus was tailored to negate its responsibility based on its own direct duties, and it did not address appellants' joint enterprise liability theory raised in their live pleadings at the time of the summary-judgment hearing. On rehearing Transocean contends that appellants never complained that the motion for summary judgment failed to address the joint enterprise liability theory, but a review of the record demonstrates the opposite to be true. Appellants made this specific argument in their response to the motion for summary judgment, which contained a section that argued Transocean could be held liable on a joint enterprise theory. In that section of the response, appellants noted the existence of numerous affiliates and subsidiaries subject to the domination and control of Transocean. They argued that Transocean's motion for summary judgment failed to "address the question of the existence of this enterprise or venture, and therefore does not show it cannot be liable under these theories as a matter of law." In addition, at the hearing on Transocean's motion, appellants argued as follows:

We have a very interesting corporation here that is the largest drilling company in the world but yet has no employees, so it says. Its officers and directors for the most part—but not exclusively—live in Houston and they all purport to be employees of various and sundry subsidiaries. But, in fact, their day-to-day activity in Houston they are running the business of Transocean, Inc., and all the rest of its affiliates. So we've argued and pled that this is a joint entity here in the nature of a joint venture for which the parent company, Transocean, Inc., is ultimately responsible—not necessarily as the owner of these vessels but as the party responsible for providing measures for the safety of the workers onboard the vessels. And that is the essence of our position and this is a matter for which, I think, the defendant has failed to show that we're lacking evidence. . . .

Transocean's motion for no-evidence summary judgment is fairly read to specifically contend there was no evidence to establish that Transocean Inc. had a legal duty to the appellants arising from Transocean Inc.'s ownership or operation of a drilling rig; it cannot be fairly read to contend there was no evidence to establish that Transocean Inc. had a vicarious liability for the liability of another entity based upon a joint enterprise theory. Because Transocean did not amend its motion to include a ground addressing appellants' joint enterprise liability theory, we hold the district court erred in rendering the take-nothing summary judgment.[4] We sustain appellants' first issue concerning the no-evidence summary judgment.

## II. Traditional motion

*Metro Novelties, Inc. v. Gladstrong Investments (USA) Corp.*, 275 S.W.3d 444 (Tex.2008). While we recognize that the Texas Supreme Court delivered its opinion in *SSP Partners* after the district court rendered judgment, Transocean does not explain how the district court could properly have granted the motion on a principle of law that Transocean did not raise in a ground for summary judgment. We

---

3. The fact that Transocean attached evidence to its motion does not preclude it from being treated as a no-evidence motion. Nothing in Rule 166a(i) expressly prohibits a no-evidence movant from attaching evidence to the motion.

4. Transocean argues on appeal that the Texas Supreme Court has rejected the joint enterprise liability theory, citing *SSP Partners &*

On appeal, Transocean argues that it moved for, and the district court granted, a traditional motion for summary judgment.[5] Giving Transocean the benefit of the doubt, and assuming without deciding that the affidavit was competent summary-judgment evidence, Transocean's traditional motion for summary judgment suffers from the same problem as the no-evidence motion. The ground for summary judgment did not address appellants' joint enterprise liability theory raised in their live pleadings at the time of the summary-judgment hearing. Because the affidavit does not conclusively negate Transocean's vicarious liability based on a joint enterprise liability theory, the district court could not render a traditional summary judgment. *See Johnson*, 73 S.W.3d at 204; Tex.R. Civ. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor.").

We sustain appellants' third issue concerning the traditional summary judgment. In light of this disposition, we do not reach the second issue, which addresses whether the affidavit was competent summary-judgment evidence.

### Conclusion

We reverse the district court's judgment and remand the case to that court for further proceedings.

---

also note that *SSP Partners* addresses the single business enterprise liability theory, not the joint enterprise liability theory. *Id.* at 451 (noting distinction between single business enterprise and joint enterprise liability theories).

5. The standard of review for a traditional summary judgment is well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is therefore entitled to summary judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in the nonmovant's favor. *See, e.g., Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex.1985).