**Opinion issued October 15, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00138-CV

————————————

**RAMESH KAPUR D/B/A AIC MANAGEMENT COMPANY, APPELLANT**

**V.**

**FONDREN SOUTHWEST TEMPOS ASSOCIATION, APPELLEE**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-13051**

---

## MEMORANDUM OPINION

Fondren Southwest Tempos Association sued Ramesh Kapur (d/b/a AIC Management Company) for unpaid maintenance assessments and violating various deed restrictions in the Fondren Southwest Tempos townhouse complex. The trial court granted the Association's motion for summary judgment. Kapur appeals, contending that (1) the Association failed to conclusively prove each of its claims

and (2) the Association failed to address Kapur's counterclaims in its motion for summary judgment. We conclude that the trial court properly granted summary judgment on the claim for unpaid maintenance fees, but it erred in granting a final summary judgment, because the Association's motion did not address Kapur's counterclaims. We therefore affirm in part and reverse and remand in part.

## Background

The Association is the homeowners' association for the townhouse complex. In 2001, Kapur purchased a townhome in the complex. In early 2007, the Association notified Kapur that he had violated various deed restrictions. The Association complained that Kapur had installed an unapproved skylight and completed other modifications to a closet and bedroom on the second floor of the townhouse. It also complained that an excessive number of tenants lived in the townhouse. Kapur responded that the previous owner had installed the skylight and other modifications, and further, that the Association's refusal to approve the lease of the current tenants was unreasonable. Kapur stopped paying the monthly maintenance assessments he was required to pay as the owner of the townhome.

The Association then sued Kapur for violating its deed restrictions and failing to pay the maintenance assessments. The trial court subsequently granted the Association's motion for summary judgment and entered a default judgment.

In April 2009, the Association agreed to forbear execution on the judgment if Kapur brought the townhouse into compliance with the deed restrictions and paid the overdue maintenance assessments. Kapur made some, but not all, of the maintenance payments. In March 2010, Kapur filed a bill of review, attacking the default judgment against him. The trial court granted the bill and reinstated the case.

In October 2011, Harris County foreclosed on Kapur's townhouse pursuant to a property tax lien; it later sold the townhouse at an auction. Kapur, appearing pro se, filed counterclaims and affirmative defenses in the reinstated case, asserting that the Association had interfered with his use and enjoyment of the townhouse and had failed to abide by the Association's bylaws in refusing to approve his tenants, resulting in loss of rental income. The Association answered the counterclaims and filed special exceptions, which the trial court denied. The Association again moved for summary judgment. The trial court granted the motion, labeling it a final summary judgment that disposed of all claims and all parties. It awarded the Association $6,290.65 for unpaid maintenance assessments and late fees and $2,097.42 in statutory damages pursuant to Texas Property Code section 202.004(c), which permits the trial court to assess damages of up to $200 for each day a party violates a restrictive covenant. *See* TEX. PROP. CODE ANN. § 202.004(c).

**Discussion**

## I.        Summary Judgment Analysis

*Standard of Review*

We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In a traditional motion for summary judgment, the movant must establish that no genuine issue of material fact exists and the movant is thus entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

Traditional summary judgment is proper only if the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The motion must state the specific grounds relied upon for summary judgment. *Id.* A plaintiff moving for a traditional summary judgment must conclusively prove all essential elements of its claim. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).

When, as here, "a trial court's order granting summary judgment does not specify the grounds relied upon, [we] affirm the summary judgment if any of the summary judgment grounds are meritorious." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000). If the appellant fails to negate every possible ground upon which the judgment may have been granted, an appellate court must uphold the summary judgment. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Conclusory statements in an affidavit unsupported by facts are insufficient to support or defeat summary judgment. *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997). A conclusory statement is one that does not provide the underlying facts to support the conclusion and cannot be readily controverted. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991); *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no writ); *see also Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999) (holding that witness's affidavit is conclusory if it fails to explain basis of witness's statements to link his conclusions to facts).

*Analysis*

Kapur contends that the Association failed to produce evidence of the amount or validity of the maintenance assessments that it sought to recover. Deed

5

restrictions and restrictive covenants are interpreted and enforced according to the same general rules applicable to any contract. *Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998); *Bank United v. Greenway Improvement Ass'n*, 6 S.W.3d 705, 707 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). Deed restrictions subjecting property to maintenance fees, liens securing a maintenance fee, and providing a method for amending restrictions are to be liberally construed, giving effect to the intent and purposes of the restrictions. TEX. PROP. CODE ANN. § 202.003; *Boudreaux Civic Ass'n v. Cox*, 882 S.W.2d 543, 547 (Tex. App.—Houston [1st Dist.] 1994, no writ).

Kapur does not contest that he purchased the townhouse in 2001 and owned it until October 2011. Nor does he contest that by purchasing the townhouse in the Complex, he agreed to comply with its declaration of covenants. The declaration of covenants provides that townhouse owners in the Complex must pay maintenance assessments in monthly installments. The amount of the assessment is set by the Association's board of directors each year. The declaration of covenants provides that the owner of a townhouse in the Complex is personally liable for the assessment at the time each assessment is due and grants the Association the right to sue to recover unpaid maintenance assessments.

The Association attached to its summary judgment motion the affidavit of its property manager, who collects maintenance assessments as approved and imposed

by the Association's board of directors. In it, the property manager avers that Kapur owed the Association $6,290.65 in unpaid maintenance assessments and late fees before Harris County foreclosed on the townhouse. She provides an accounting of the maintenance assessments, and details the amounts Kapur paid each month from January 2006 to October 2011. She avers that the amounts charged are correct and that all Kapur's payments were credited in the accounting.

Kapur contends that he raised a fact issue about the amount and validity of the assessments. The only evidence Kapur produced regarding maintenance assessments was in his affidavit, in which he averred: "I dispute the amount of dues and assessments alleged by Plaintiff. Not all offsets and credits have been given." Kapur provides no particular facts on which he bases this conclusion. *See Anderson*, 808 S.W.2d at 55; *CA Partners v. Spears*, 274 S.W.3d 51, 63 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). He does not offer any facts that challenge the validity of the assessments, nor does he explain the offsets and credits to which he claims to be entitled. *See Earle*, 998 S.W.2d at 890.

Kapur further contends that the Association failed to show that its board of directors had approved the amounts assessed or that it gave Kapur proper notice of the charges and increases in the amounts assessed. However, Kapur did not contest the manager's authority in the trial court, and he presented no evidence in support of his argument that the association lacked authority to assess the amounts

7

owed, nor that he had not received proper notice. As he did not adduce evidence to raise a fact issue on these matters, Kapur's argument cannot result in reversal. *See Anderson*, 808 S.W.2d at 55.

Because the affidavit lacks any factual specificity contesting the validity of the amount of the unpaid assessments, Kapur fails to raise a fact issue. *See Wadewitz*, 951 S.W.2d at 466. Accordingly, the trial court properly granted summary judgment in favor of the Association on its claim for $6,290.65 in unpaid maintenance assessments.

## II. Counterclaims and Statutory Damages

Kapur next contends that the trial court erred in granting a final summary judgment that purported to reject his counterclaims, because the Association did not address them in its motion for summary judgment. "It is well settled that a trial court cannot grant a summary-judgment motion on grounds not presented in the motion." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (citing *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997)). If a summary judgment is intended to be final and purports to dispose of causes of action not addressed in the summary judgment motion, the summary judgment is reversible. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 202 (Tex. 2001); *Young v. Hodde*, 682 S.W.2d 236, 237 (Tex. 1984). The trial court cannot grant more relief than was requested by a motion for summary judgment. *See Sci. Spectrum*, 941

S.W.2d at 912; *Richards v. Transocean, Inc.*, 333 S.W.3d 326, 331 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

Kapur asserted a counterclaim that the Association had violated its own deed restrictions and bylaws. The Association conceded that it did not address Kapur's counterclaims. The Association responds instead that Kapur had failed to pay a filing fee for the pleading in which he included his counterclaims and affirmative defenses. But this challenge was neither raised nor proved in the trial court. A party need not pay a filing fee for the trial court to exercise jurisdiction over the claims. *See Tanner v. Axelrad*, 680 S.W.2d 851, 853 (Tex. App.—Houston [1st Dist.] 1984, writ dism'd); *Nolte v. Flournoy*, 348 S.W.3d 262, 268 (Tex. App.—Texarkana 2011, pet. denied). The Association answered Kapur's counterclaims and responded with its special exceptions, which the trial court denied, thus exercising jurisdiction over the claims. *See Nolte*, 348 S.W.3d at 268.

Accordingly, the trial court erred in granting more relief than requested. *See Gish*, 286 S.W.3d at 310. The trial court's award of statutory damages is based on Kapur's breach of the deed restrictions. Because the parties made competing claims for breach of the restrictive covenants and because the resolution of rulings on Kapur's counterclaims could affect the resolution of the Association's restrictive covenant claims, we reverse that portion of the judgment and remand the case for further proceedings.

## Conclusion

We hold that the trial court properly granted summary judgment on the Association's claim for unpaid maintenance assessments, but it granted more relief than requested, leaving some claims unresolved. We therefore affirm the judgment awarding the unpaid maintenance assessments, and reverse and remand the remainder for further proceedings.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.