**The STATE of Texas, Appellant,**

v.

**Ron Edward BRITTON, Appellee.**

**No. 10–96–150–CR.**

Court of Appeals of Texas,
Waco.

Aug. 30, 1996.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## MEMORANDUM OPINION

PER CURIAM.

The State attempts to appeal from an order quashing six subpoenas *duces tecum.* Tex.Code Crim. Proc. Ann. art. 24.02 (Vernon 1989), art. 44.01 (Vernon Supp.1996). Because the Court of Criminal Appeals has held that the State cannot appeal from such an order, we must dismiss this appeal. *State ex rel. Healey v. McMeans,* 884 S.W.2d 772, 775 (Tex.Crim.App.1994).

Ron Britton stands accused of two counts of aggravated sexual assault and two counts of indecency with a child. Tex. Penal Code Ann. §§ 21.11, 22.021 (Vernon 1994 & Supp. 1996). The State believes that Britton's wife, his attorneys, or his attorneys' employees have possession of videotapes relevant to the offense and caused subpoenas *duces tecum* to be issued instructing each to produce any of Britton's videotapes in their possession. On the motion of the wife, attorneys, and employees, the court quashed the subpoenas. The State filed a notice of appeal, alleging that the court's order was, in effect, an order granting a motion to suppress evidence. Tex.Code Crim. Proc. Ann. art. 44.01(a)(5). Britton has responded by filing a motion to dismiss for want of jurisdiction, arguing that the court did not suppress evidence, but merely denied the State the ability to "discover" the evidence. *See State v. Howard,* 908 S.W.2d 602, 604 (Tex.App.—Amarillo 1995, no pet.); *State v. Kaiser,* 822 S.W.2d 697, 699–700 (Tex.App.—Fort Worth 1991, pet. ref'd). However, we will not reach this issue framed by the parties.

In *McMeans,* the State caused subpoenas to be issued to four local television newsmen, instructing them to appear to testify and produce any videotapes they possessed regarding the underlying offense, an abuse-of-a-corpse prosecution. *McMeans,* 884 S.W.2d at 773. The newsmen moved to quash the subpoenas on the grounds that they were protected by a "newsman's privilege" to refuse to testify or produce evidence at a criminal trial. *Id.* at 774. The trial court granted the motions, and the State sought a writ of mandamus from the Court of Criminal Appeals requiring the court to vacate its orders quashing the subpoenas. *Id.* In the process of granting the writ, the court found that the State did not have an adequate remedy at law, saying "[the State] cannot appeal [the trial court's] orders under Article 44.01." *Id.* at 775. Thus, the Court of Criminal Appeals has specifically held that an order granting a motion to quash a subpoena is not appealable by the State. *Id.*

Therefore, Britton's motion is granted and we dismiss the State's appeal for want of jurisdiction.