NO. 07-07-0134-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 2, 2008

_____

KIRK LABOR, APPELLANT

v.

ROBERT WARREN, M.D., JOHANNA JONES, DAVID
HENDRICKS, M.D., AND TED MARGO, M.D., APPELLEES

_____

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY;

NO. 048-199461-03; HON. DAVID EVANS, PRESIDING

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**Opinion**


Appellant, Kirk Labor, appeals a summary judgment ruling dismissing his claims for tortious interference with prospective business relationship against appellees, David Hendricks and Ted Margo.  Labor additionally appeals the trial court's award of costs in favor of appellees, Hendricks, Margo, and Robert Warren.  We affirm.

Background

In 1999, Dr. Kirk Labor practiced with Ophthalmology Associates (hereafter "OA"). Toward the end of 1999, Labor left the employ of OA to tend to a sick relative. In 2001, Labor sought to return to OA. The shareholders of OA held a meeting to discuss whether to rehire Labor. At this meeting, Johanna Jones, the office manager for OA, disclosed to the shareholders that there had been rumors that, during his prior employment with OA, Labor may have been involved in an extra-marital relationship with an OA staff technician. In addition, Jones indicated that Labor had failed to return a payroll check that had been erroneously issued to him, though she also indicated that he did not cash the check. Following the meeting, the shareholders of OA decided to rehire Labor and he began work in January 2002.

At some point during his 2002 employment with OA, Labor learned of the comments that Jones had made at the shareholder meeting. In August of 2002, Labor gave a letter of resignation to OA, which became effective at the end of November. In conjunction with his resignation, Labor and OA reached an agreement that Labor would pay OA $150,000 to be released from the noncompete clause in his employment agreement. This release further provided that OA will have discretion whether to provide patients with contact information for Labor's new practice and that OA may charge patients for medical records at the cost established by OA at the time the records are requested.

While working for OA in 2002, Labor worked out of a Mineral Wells office that OA subleased from another OA doctor, Cary Labbe. Near the time that Labor's resignation

became effective, Labbe resigned and sought an early termination of the sublease agreement. OA and Labbe negotiated an early termination of the sublease that provided OA a transition period, during which OA had full right of use of the property, until June 1, 2003. In addition, the early termination agreement specifically provided that no non-OA ophthalmologists could treat any patients in the premises during the transition period. As Labor and Labbe had planned a business relationship to use the office subleased to OA, the early termination agreement forced Labor to obtain different office space for some time.

Labor brought suit against Warren, Hendricks, Margo, and Jones alleging defamation, libel, slander, tortious interference with contract, and tortious interference with prospective business relations. Prior to trial, the defendants filed a Motion for Partial Summary Judgment. The trial court granted the motion in part and denied in part. Subsequently, the defendants filed a Motion for Summary Judgment on All of Plaintiff's Remaining Claims. The trial court again granted parts of the motion and denied other parts. The combined effect of the trial court's summary judgment rulings was to dismiss each of Labor's claims except for certain claims made against Jones and two claims of defamation made against Warren.

During the trial on these remaining claims, Labor and Jones reached a settlement and the claims against Jones were dismissed with prejudice. The defamation claims against Warren were tried and submitted to the jury. The claims against Warren that were submitted to the jury alleged that, in June of 2002, Warren made a defamatory statement to Labbe concerning Labor and, at an unspecified time, Warren made a defamatory statement about Labor to the daughter of one of Labor's former patients. The jury found

3

that Warren did not make a defamatory statement in either of these instances and the trial court entered judgment on the verdict and its summary judgment rulings. In addition, the judgment awarded court costs to Hendricks, Margo, and Warren.

By three issues, Labor appeals this judgment. By his first issue, Labor contends that the trial court erred in dismissing his defamation and tortious interference with business relationship claims against Hendricks. By his second issue, Labor contends that the trial court erred in dismissing his tortious interference with business relationship claim against Margo. By his third issue, Labor contends that the trial court erred in awarding costs to appellees in the absence of proof of these costs. We will address Labor's issues in the following order: the propriety of the court's summary judgment dismissal of Labor's defamation claim against Hendricks (Issue One), the propriety of the court's summary judgment dismissal of the tortious interference claims against Hendricks and Margo (Issues One and Two), and then the judgment's award of costs (Issue Three).

Standard of Review on Summary Judgment Issues

Each of Labor's first two issues challenge summary judgment rulings made by the trial court. A party may prevail on a traditional summary judgment motion by conclusively establishing the absence of any genuine issue of a material fact and that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). We review the granting of such a conclusively-established summary judgment using the standards set out in Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985):

4

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In determining whether there is a disputed issue of material fact precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

If the movant for summary judgment is a defendant, then, in order to be entitled to summary judgment, the movant must disprove at least one of the elements of the non-movant's cause of action, or, alternatively, the movant must prove each element of an affirmative defense. Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Evidence favoring the movant's position is not considered unless it is uncontroverted. Putthof v. Ancrum, 934 S.W.2d 164, 167-68 (Tex.App.–Fort Worth 1996, writ denied).

Claims of Defamation Against Hendricks

Labor contends that the trial court erred in determining, by way of summary judgment, that Warren was not acting as Hendricks's agent when Warren allegedly republished defamatory statements originally made by Jones. Labor does not generally assign error in the trial court's summary judgment ruling. Labor also does not challenge the trial court's specific summary judgment rulings that Hendricks did not directly defame Labor and that there was no evidence to support any allegation that Warren made defamatory statements, other than in regard to the two issues that were submitted to the

5

jury. In respect of those two alleged defamatory statements, Labor does not challenge the jury's findings that Warren did not defame Labor in those two specific instances.

A judgment may not be reversed on appeal on the ground that the trial court erred unless such error probably caused the rendition of an improper judgment or probably prevented the proper presentation of the case on appeal. TEX. R. APP. P. 44.1(a). A jury's finding in a trial that comes after a summary judgment ruling can render error in the summary judgment ruling harmless. See Progressive County Mut. Ins. Co. v. Boyd, 177 S.W.3d 919, 921 (Tex. 2005). An appellate challenge to a summary judgment ruling must challenge each ground upon which the ruling could be supported or it must generally assign error to the grant of summary judgment. See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).

By his first issue, Labor contends that the trial court erred in making the summary judgment ruling that Warren was not Hendricks's agent. However, for the existence of an agency relationship between Warren and Hendricks to constitute a material fact issue in the present case, there would have to be some basis to support a determination that Warren defamed Labor in order for liability for that defamation to be imputed to Hendricks based on the existence of the agency. However, as Labor does not challenge any of the findings that neither Hendricks nor Warren defamed him, we conclude that the trial court's ruling that no agency relationship existed between Warren and Hendricks, even if erroneous, was rendered harmless by the unchallenged findings that Warren did not defame Labor. See Progressive County Mut. Ins. Co., 177 S.W.3d at 921.

6

Tortious Interference Claims

By his first and second issues, Labor contends that the trial court erred in granting summary judgment in favor of Hendricks and Margo in regard to Labor's claims of tortious interference with potential business relationships.

To establish a claim of tortious interference with a prospective business relationship, a plaintiff must establish: (1) a reasonable probability that the plaintiff would have entered into the business relationship; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or knew that the interference was certain or substantially certain to occur; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference.  Baty v. ProTech Ins. Agency, 63 S.W.3d 841, 860 (Tex.App.–Houston [14th Dist.] 2001, pet. denied).  An independently tortious act need not be proven to be an independent tort, but the plaintiff must prove that the defendant's conduct would be actionable under a recognized tort.  Wal-Mart Stores, Inc. v. Sturges, 52 S.W.3d 711, 726 (Tex. 2001).  However, conduct that is merely "sharp" or unfair is not actionable and cannot be the basis for an action for tortious interference with prospective business relationships.  Id.

On appeal, Labor bases his claims that Hendricks and Margo tortiously interfered with Labor's prospective business relationship with Labbe on the "independently tortious or unlawful act" of Warren, as an agent of Hendricks and Margo, making defamatory

7

statements to Labbe that Labor had an affair with an OA technician in 1999.[1] However, as addressed above, Labor has not appealed the summary judgment rulings or jury findings that Warren did not defame Labor. Thus, Labor's claims of defamation do not identify a tortious or unlawful act as is required to state a claim of tortious interference with business relationship. As a result, we conclude that the trial court did not err in dismissing Labor's tortious interference claims against Hendricks and Margo.

For the foregoing reasons, we overrule Labor's first two issues.

### Award of Court Costs

By his third issue, Labor contends that the trial court erred in awarding costs to Hendricks, Margo, and Warren because the appellees did not file a written motion requesting an award of costs and did not prove up the costs they incurred.

As a general rule, the successful party to a suit shall recover of his adversary all costs incurred therein. See TEX. R. CIV. P. 131. The allocation of costs is a matter for the trial court's discretion and cannot be overturned on appeal absent an abuse of discretion. Madison v. Williamson, 241 S.W.3d 145, 157 (Tex.App.–Houston [1st Dist.] 2007, pet. denied). It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, or

---

[1] We note that Labor's petition also includes an allegation that Hendricks and Margo tortiously interfered with his prospective business relationship with Labbe by "requir[ing]" Labbe to contractually exclude Labor from using the Mineral Wells office as part of the early termination of OA's sublease of the office. However, in his appellate brief, Labor does not provide any authority or substantive discussion of how this contractual provision was tortious or unlawful. Therefore, this basis for his claim is waived. See Lewis v. Deaf Smith Elec. Co-op., Inc., 768 S.W.2d 511, 512-13 (Tex.App.–Amarillo 1989, no writ).

without regard to guiding legal principles.  Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex.1997).

A successful party need not pray for or file a written motion for costs because Rule 131 of the Texas Rules of Civil Procedure entitles the prevailing party to an award of costs regardless of whether that party moved for them.  Thompson v. Beyer, 91 S.W.3d 902, 904 (Tex.App.–Dallas 2002, no pet.); City of Irving v. Dallas/Fort Worth Int'l Airport Bd., 894 S.W.2d 456, 471 (Tex.App.–Fort Worth 1995, writ denied).  While the appellees were not required to file a written request for costs, the appellees' First Amended Answer does request that the appellees "recover their costs . . . ."  Thus, we cannot conclude that the trial court abused its discretion in awarding costs to the appellees based on the appellees' failure to file a written request for costs.

A successful party in a lawsuit is not required to submit an accounting of its court costs to the trial court or opposing counsel before judgment may be entered adjudicating costs.  See TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(a) (Vernon 2008); Madison, 241 S.W.3d at 158.  Rather, the successful party is responsible to submit a record of its court costs to the court clerk so that the clerk can perform its ministerial duty and tax costs in accordance with Texas Rule of Civil Procedure 622.  Id.  Thus, we cannot conclude that the trial court abused its discretion in awarding costs to the appellees even though the appellees did not submit an itemized accounting of their costs to the trial court or opposing counsel.

We overrule Labor's third issue.

Conclusion

Having overruled each of Labor's appellate issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice