

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00038-CV

_____

ELAINE NOLTE, Appellant

V.

MORGAN FLOURNOY, Appellee

On Appeal from the County Court at Law No. 1
Angelina County, Texas
Trial Court No. 16,485

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Elaine Nolte and Morgan Flournoy each owned an undivided interest in real property in Angelina County, Texas, consisting of fifty acres of land and a dwelling house, to which reference was made as the "small porch home."[1]   Nolte travelled five hours to Angelina County from her home "for the purpose of spending the weekend in the porch house and visiting with family and friends," only to discover that her key "no longer worked the locks on the doors."   Nolte called Flournoy on the telephone in order to obtain entry, but Flournoy declined to then come to allow her into the house, saying that he was attending a ballgame and was unable to return to the property. According to Nolte, Flournoy expressed his belief that the deed to him from Nolte's relatives conveying a fifty-two percent interest in the real property also entitled him to "all materials, furnishings, and equipment located on and in the porch house."   Nolte returned to her place of residence without gaining entry to the porch home.   She then filed suit against Flournoy for conversion of the personal property contained in the porch home and asked the trial court to declare ownership of that personal property.   Although Nolte later acknowledged that Flournoy had removed the locks from the house after the incident in which she could not gain entry, she was "unable to reach an accord with him concerning claims made to personal property."

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).  We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

2

The porch home contained personal property of several members of the Nolte family. Flournoy had purchased his interest in the real estate on which the porch home was situated from Nolte's relatives, who (by Flournoy's account) had also given him their personal possessions contained within the dwelling. Flournoy answered the suit by filing a general denial, adding that "[t]he personal property has not been removed nor has it been transferred, altered, destroyed or damaged. The Defendant owns an undivided 52% interest in the house and in some or all of the personal property situated in the home and he can not [sic] convert his own assets." In that same pleading, Flournoy alleged that Nolte's claim was "frivolous, without merit and filed for the sole purpose of intimidation and threat." Based on those pleadings, Flournoy prayed that the court award him sanctions "for attorney's fees and costs."

The matter was set for trial on February 4, 2011. On January 31, 2011, Nolte filed a notice of nonsuit without prejudice in which she agreed to pay the costs incurred. At the time scheduled for trial, Nolte did not appear. Flournoy's attorney stated that "[m]y secretary called the counsel for the plaintiff who indicated he was not coming to court because, as far as he was concerned, the case was nonsuited and there was no need for him to appear." The trial court decided to "proceed here today as to the affirmative relief that Mr. Flournoy seeks." After hearing testimony by Flournoy that Nolte had only been denied access to the property for some two and a half hours, that she had since been allowed to come and go freely, and that no personal property had been removed, the trial court found Nolte's suit to be frivolous. The court granted Nolte's nonsuit and

3

(on the counterclaim by Flournoy) ordered Nolte to pay Flournoy's attorney's fees in the amount of $7,706.25 and court costs of $661.00 as "sanctions."

On appeal, Nolte complains that the trial court erred in the following respects: (1) holding a trial after the voluntary nonsuit by Nolte of all of her pending claims; (2) awarding sanctions as sought in Flournoy's answer (alleging that his pleadings seeking relief under a claim of a frivolous lawsuit amounted to a counterclaim and could not be considered as having been filed because Flournoy did not pay the filing fee for the filing of a counterclaim); (3) awarding sanctions without sufficient evidence to establish that Nolte's suit was frivolous; (4) awarding costs not found in the clerk's bill of costs; and (5) allegedly entering judgment without due process in compliance with Rule 21 of the Texas Rules of Civil Procedure. We find that the trial court was authorized to dispose of Flournoy's pending motion for sanctions despite Nolte's nonsuit, that Flournoy's failure to deposit a filing fee for his answer did not deprive the trial court of authority to impose sanctions, that the evidence was sufficient to support the trial court's judgment and award of costs, and that Nolte failed to preserve due process complaints.

## I.  Nonsuit Did Not Prevent the Trial Court From Holding a Hearing on Flournoy's Motion for Attorney's Fees and Costs

We review awards of sanctions and non-mandatory attorney's fees under the abuse of discretion standard. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). A trial court abuses its discretion if it acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

4

At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.

TEX. R. CIV. P. 162. Citing to this principle, Nolte argues that no case or controversy was before the court when it held trial on February 4, 2011. However, Rule 162 provides:

Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court. Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against dismissing party unless otherwise ordered by the court.

TEX. R. CIV. P. 162. If Flournoy presented any pending claims for affirmative relief, he had a right to be heard. *Le v. Kilpatrick*, 112 S.W.3d 631, 633 (Tex. App.—Tyler 2003, no pet.) ("if the motion is timely filed, a plaintiff has an absolute right to a nonsuit as long as the defendant has not made a claim for affirmative relief") (quoting *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990)).

Despite the fact that Flournoy's pleadings are entitled "Defendant's Original Answer" and the title does not indicate that the pleadings contain a request for affirmative relief, we are to "treat the plea or pleading as if it had been properly designated." TEX. R. CIV. P. 71; *see Hodge v. Smith*, 856 S.W.2d 212, 214 n.1 (Tex. App.—Houston [1st Dist.] 1993, writ denied) ("The titles of the pleadings and other court documents are not controlling. We are to look at the substance of the

5

pleadings and proceedings to determine what actually occurred."). Nolte acknowledges that a motion for sanctions or a claim for attorney's fees and costs is considered to be a counterclaim seeking affirmative relief. *Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008); *Dean Foods Co. v. Anderson*, 178 S.W.3d 449, 453 (Tex. App.—Amarillo 2005, pet. denied) (citing *Falls County v. Perkins & Cullum*, 798 S.W.2d 868, 870–71 (Tex. App.—Fort Worth 1990, no pet.)); *J.C. Hadsell & Co. v. Allstate Ins. Co.*, 516 S.W.2d 211, 214 (Tex. Civ. App.—Texarkana 1974, writ dism'd) (nonsuit did not preclude defendant's right to be heard on counterclaim for attorney's fees); *see* TEX. R. CIV. P. 162. Under Rule 162, the trial court had discretion to consider the attorney's fees and costs sought within Flournoy's answer. *See* 1 TEX. JUR.3D *Actions* § 266 (West 2004) (Rule 162 "does appear to acknowledge a measure of discretion in the trial court in deciding whether a nonsuit can be used to avoid sanctions"); *Addington v. Addington*, No. 14-03-00340-CV, 2004 WL 1472127, at *2 (Tex. App.—Houston [14th Dist.] July 1, 2004, no pet.) (mem. op.). Nevertheless, Nolte contends that Flournoy was not entitled to a hearing. Specifically, the argument is that since Flournoy failed to pay the filing fee required to be paid when filing a counterclaim, no request for affirmative relief was pending before the court. Accordingly, Nolte contends that the trial court abused its discretion in conducting the hearing.

The statute Nolte cites regarding mandatory fees is a provision in the Texas Government Code directing the district clerk to collect $15.00 from a litigant who files a counterclaim. TEX. GOV'T CODE ANN. § 51.317(b)(2) (West Supp. 2011). Contrary to Nolte's position, the payment

6

of a filing fee "is not generally a prerequisite to jurisdiction, nor does the failure to pay such fees deprive the trial court of jurisdiction over a case." *J. Allen Family Partners*, *Ltd. v. Swain*, No. 04-09-00384-CV, 2010 WL 2103228, at *3 (Tex. App.—San Antonio May 26, 2010, no pet.) (mem. op.) (citing *Kvanvig v. Garcia*, 928 S.W.2d 777, 779 (Tex. App.—Corpus Christi 1996, orig. proceeding); *Tanner v. Axelrad*, 680 S.W.2d 851, 853 (Tex. App.—Houston [1st Dist.] 1984, writ dism'd); *Advance Imps.*, *Inc. v. Gibson Prods. Co.*, 533 S.W.2d 168, 169–70 (Tex. Civ. App.—Dallas 1976, no writ)).

Nolte cites to caselaw stating that a document is conditionally filed when tendered to the clerk, but that filing is completed when the fee is paid. *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993). While *Jamar*'s ruling as to conditionally filed documents applies to the circumstances in that case, it does not apply here. *Jamar* only held that the date a motion for new trial is conditionally filed controls the appellate timetable; therefore, we do not find it controlling. *Id.* Although *Jamar* stated in a footnote that "the court should not" consider a motion for new trial until the fee is paid, the case does not hold that the trial court is prohibited from considering it, or that it would abuse its discretion in doing so. *Id.* at 319 n.3. Referencing the language in *Jamar*, our sister court wrote:

> we interpret the Texas Supreme Court's suggestion that the trial court "should not" act on a motion for new trial before the filing fee is paid more as instructive than as a curbing of the trial court's jurisdiction or authority. Upon a sufficient showing of nonpayment, the trial court has discretion to refuse to act upon a motion for new trial until the filing fee is paid. Nevertheless, though it may have no obligation until the fee is paid, we conclude that the trial court in its discretion may consider

7

and rule upon a motion for new trial from the time that it is tendered to the clerk and "conditionally filed."

*Kvanvig*, 928 S.W.2d at 779. Therefore, even though a defendant does not have an unconditional right to be heard on counterclaims absent the payment of a filing fee, a trial court may, in its discretion, consider such counterclaims without payment of the statutory filing fee. *Swain*, 2010 WL 2103228, at *3; *Kvanvig*, 928 S.W.2d 779. Hence, we find the trial court acted within its discretion in hearing the claims for attorney's fees and costs despite the fact that the filing fee remained unpaid.

## II. The Record Supported the Trial Court's Award of Sanctions

Nolte stated "Chapter 10, Texas Civil Practice & Remedies Code, entitled 'Sanctions for Frivolous Pleadings and Motions' may have been nearer [to] the Appellee's and the Court's thoughts." [2] We agree.

Although Chapter 10 does not define the term "frivolous," it requires that a pleading "not being presented for any improper purpose, including to harass," and that "each allegation or other factual contention in the pleading . . . ha[ve] evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(1), (3) (West 2002). A trial court may impose sanctions against a party if the trial court finds that the

---

[2] Unlike Rule 13 and Chapter 9 of the Texas Civil Practice and Remedies Code, Section 10.001 does not contain a requirement that the person acted in bad faith.

party has failed to comply with any one of the requirements of Section 10.001 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(a) (West 2002).

In this case, the trial court heard testimony that the personal property contained within the home had not ever been removed and that Nolte was only temporarily denied access to the property ("only for about two and a half hours until I could get someone to come unlock it and let them in"). Flournoy testified that he believed the lawsuit was "totally frivolous from the start." There were no allegations that Nolte had suffered any damages from the conversion which she claimed to have occurred.

The elements of a conversion cause of action are: (1) plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with plaintiff's rights; (3) plaintiff made a demand for the property; and (4) defendant refused to return the property. *Alan Reuber Chevrolet*, *Inc. v. Grady Chevrolet*, *Ltd.*, 287 S.W.3d 877, 888 (Tex. App.—Dallas 2009, no pet.) (citing *Ojeda v. Wal–Mart Stores*, *Inc.*, 956 S.W.2d 704, 707 (Tex. App.—San Antonio 1997, pet. denied)). Additionally, a predicate to recovery for conversion is a showing that damages were incurred by the plaintiff. *Id*. at 889; *United Mobile Networks*, *L.P. v. Deaton*, 939 S.W.2d 146, 147 (Tex. 1997) (per curiam).

In this case, Nolte's first amended petition demonstrated that she did not have ownership of all of the personal property contained in the porch home. Flournoy purchased the realty from

Nolte's relatives, Jeanette Dorman, Charlie Mae Mahan, and John Jordan Mahan, who "indicated to him that they owned an interest in the contents and were conveying it to him." Nolte claimed that Flournoy converted the property within the home by placing a lock on the door to the porch home, even though exhibits established that Nolte also had such a lock on the door. Nolte's petition correctly explains that both parties had the same, common right to possess the porch home, and Flournoy's undivided interest in the home meant that the placement of the lock was not unlawful since he was securing his own interest. There was no allegation that any property was removed from the porch home, although Flournoy expressed his interest in the personal property belonging to Nolte's relatives, which he said he believed had been given to him. Flournoy did not refuse to return any property belonging to Nolte, and Nolte's petition acknowledges "that the Defendant later removed his lock from the doors." Although the petition claimed that the parties were "unable to reach an accord" concerning claims made to personal property, Nolte nonsuited the declaratory judgment and conversion actions.

Flournoy alleged that Nolte filed suit to "use the court system and the cost of legal services to coerce [Flournoy] into paying her 'purchase number' for her undivided interest in the real property." Immediately following the incident, Flournoy received a letter "stating the amount of money that Ms. Nolte wanted for the property." Nolte's offer was countered by Flournoy in a letter "stating the amount that [Flournoy] would pay for the property." The sole reply to this offer was the institution of suit by Nolte.

Given these facts, the trial court could have found that Nolte's suit was brought for the improper purpose alleged by Flournoy: securing a higher purchase price for Nolte's interest in the property. The trial court also could have found the allegations that Flournoy had converted personal property lacked evidentiary support, and that the absence of an allegation that property had been removed from the home, coupled with an admission that Flournoy had removed the locks on the doors, demonstrated Nolte's knowledge that the allegation of conversion would lack evidentiary support even after discovery. Therefore, we cannot say the trial court abused its discretion in finding that Nolte's suit was frivolous under Chapter 10 of the Texas Civil Practice and Remedies Code.[3] This point of error is overruled.

## III. The Record Supported Amount of Costs Awarded

Nolte complains that there is insufficient evidence to support the trial court's award of costs in the amount of $661.00. She complains that the bill of costs totals only $269.00. As a general rule, the successful party to a suit shall recover of his adversary all costs incurred therein. TEX. R. CIV. P. 131. The allocation of costs is a matter for the trial court's discretion and cannot

---

[3]Flournoy argues that another reason supports the trial court's judgment. Here, no findings of fact and conclusions of law were requested or made. In such a circumstance, we may affirm a judgment on any theory of law applicable to the case and supported by the record. *McDowell v. McDowell*, 143 S.W.3d 124, 131 (Tex. App.—San Antonio 2004, pet. denied). A nonsuit is not an impediment to an award of attorney's fees when declaratory judgment is sought. 798 S.W.2d at 871. Nolte invoked the declaratory judgment act in her pleadings and later filed for nonsuit under Rule 162 of the Texas Rules of Civil Procedure. "[I]t is well established that the trial court may award attorney's fees to any party under the Declaratory Judgment[s] Act." *Brookshire Katy Drainage Dist. v. Lily Gardens, LLC*, 333 S.W.3d 301, 313 (Tex. App.—Houston [1st Dist.] 2010, pet. filed). A party is also not required to request attorney's fees with specificity to be eligible for an award under the Declaratory Judgments Act, so long as a general request for attorney's fees exists. *Purvis Oil Corp. v. Hillin*, 890 S.W.2d 931, 939 (Tex. App.—El Paso 1994, no pet.); *see also Canales v. Zapatero*, 773 S.W.2d 659, 660–61 (Tex. App.—San Antonio 1989, pet. denied).

be overturned on appeal, absent an abuse of discretion. *Labor v. Warren*, 268 S.W.3d 273, 278 (Tex. App.—Amarillo 2008, no pet.) (citing *Madison v. Williamson*, 241 S.W.3d 145, 157 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)).

"Each party to a suit shall be responsible for accurately recording all costs and fees incurred during the course of a lawsuit, if the judgment is to provide for the adjudication of such costs." TEX. CIV. PRAC. & REM. CODE ANN. § 31.007 (a) (West 2008). A judge may award fees of the clerk and service fees due to the county, as well as fees of the court reporter for the original of stenographic transcripts necessarily obtained for use in the suit. TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(b)(1), (2). Section 31.007(a) of the Texas Civil Practice and Remedies Code prescribes that

> Each party to a suit shall be responsible for accurately recording all costs and fees incurred during the course of a lawsuit, if the judgment is to provide for the adjudication of such costs. If the judgment provides that costs are to be borne by the party by whom such costs were incurred, it shall not be necessary for any of the parties to present a record of court costs to the court in connection with the entry of a judgment.

TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(a). "Although somewhat vague as to procedure," Section 31.007(a) "clearly does not require a formal presentation of evidence of a party's costs during trial." *Varner v. Howe*, 860 S.W.2d 458, 466 (Tex. App.—El Paso 1993, no writ). "All that seems to be required is that the successful party present . . . an itemized list of costs and fees incurred during the lawsuit." *Id.*; *see Labor*, 268 S.W.3d at 279. "The expense of taking depositions is an item of court costs and properly chargeable as such." *Wallace v. Briggs*, 348

12

S.W.2d 523, 527 (Tex. 1961); *see Crescendo Invs.*, *Inc. v. Brice*, 61 S.W.3d 465, 480–81 (Tex. App.—San Antonio 2001, pet. denied).

During trial, Flournoy submitted a bill along with testimony demonstrating that costs of $661.00 was incurred from Lufkin Court Reporting Service for Nolte's deposition. Therefore, we cannot say the trial court abused its discretion in awarding this $661.00 as costs. This point of error is overruled.

## IV.    Nolte Failed to Preserve Procedural Complaints Related to Sanctions Award

### A.    Fair Notice of Pleading

The Due Process Clause of the United States Constitution limits a court's power to sanction. *Greene v. Young*, 174 S.W.3d 291, 298 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (citing *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) (orig. proceeding)). "The office of pleadings is to define the issues at trial, and to give the opposing party information sufficient to enable him to prepare a defense." *Alan Reuber Chevrolet*, *Inc.*, 287 S.W.3d at 884. "Texas follows a 'fair notice' standard for pleading, in which courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Id.* (quoting *Low*, 221 S.W.3d at 612 (citing *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896–97 (Tex. 2000)). Generally, before sanctions may be imposed against a party or an attorney, notice of the procedural basis for the potential sanctions must be given. *Id.* (citing *Bradt v. Sebek*, 14 S.W.3d 756, 763

13

(Tex. App.—Houston [1st Dist.] 2000, pet. denied); *Hawkins v. Estate of Volkmann*, 898 S.W.2d 334, 346 (Tex. App.—San Antonio 1994, writ denied)).

The suit by Nolte against Flournoy was twofold: (1) for conversion, and (2) for declaratory judgment. She admitted in the petition that Flournoy had removed the locks from the porch home, but alleged "that such conversion is ongoing in nature." Here, Flournoy's answer specified that the personal property had "not been removed nor has it been transferred, altered, destroyed or damaged." Flournoy expanded further, saying that "the Plaintiff's claim is frivolous, without merit and filed for the sole purpose of intimidation and threat. The Plaintiff attempts to use the court system and the cost of legal services to coerce the Defendant into paying her 'purchase number' for her undivided interest in the real property." In this case, sanctions could have been awarded under Rule 13 of the Texas Rules of Civil Procedure, or under Chapter 9 or 10 of the Texas Civil Practice and Remedies Code. Although not followed here, the better practice would have been to specify the particular means by which Flournoy was seeking sanctions.

However, an opposing party should use special exceptions to identify defects in a pleading so that they may be cured, if possible, by amendment. *Auld*, 34 S.W.3d at 897. Absent the filing of special exceptions, courts should construe the pleadings liberally in favor of the pleader. *Id.* at 897. Due process claims, including claims of lack of fair notice of hearing regarding sanctions, can be waived. *Price v. Schroeder*, No. 03-07-00364-CV, 2010 WL 2010792, at *16 (Tex.

14

App.—Austin May 20, 2010, no pet.) (mem. op.); *see* TEX. R. APP. P. 33.1; *Rittenhouse v. Sabine Valley Ctr. Found., Inc.*, 161 S.W.3d 157, 166–67 (Tex. App.—Texarkana 2005, no pet.). A party is required to preserve such claims by a timely and specific objection. *Low*, 221 S.W.3d at 618. A complaint that fair notice of the procedural basis under which sanctions were sought is untimely if no objection is lodged either before or during a sanctions hearing. *Id.* Because the objection regarding whether Flournoy's motion provided fair notice came in a motion to vacate, the complaint was untimely. *Id.* Therefore, we find that Nolte failed to preserve this complaint for appeal.

### B. Notice of Hearing

Likewise, Nolte waived her complaints that the notice of a trial setting was insufficient to afford her proper notice that the trial court would hear Flournoy's motion for sanctions. First, although Nolte had notice of the setting, she made a conscious decision not to appear, taking the position that there was no need to appear when the only remaining claim for relief was Flournoy's motion for sanctions. Next, after adverse action was taken against her, Nolte filed a motion to vacate, or alternatively modify, correct or reform the trial court's judgment, complaining of the lack of fair notice in the pleading. However, when the trial court afforded Nolte the opportunity to participate in a new trial, Nolte declined. Specifically, the following transpired at the hearing on the motion to vacate:

> THE COURT: . . . . I'm also a concerned -- I guess what my deal is if
> Mr. Phillips [counsel for Nolte] -- you know, if you are asking for some type of

15

relief that says, hey, put me back at square one, let me have the hearing over again, I would tend to say, fine, we will do it all over again. But if you are just trying to vacate the order altogether and not go back to square one where we have the hearing -- Mr. Flournoy's hearing, then I'm not going to do that. So I'm just making sure that I'm not going through some legal land mine where if I said, I'll tell you what, I will vacate the order altogether, that Mr. Flournoy -- and I am referring to the plaintiff, Mr. Flournoy, does not have his opportunity to present his case, then I'm not going to grant the motion. . . . So what do you want to do?

[ATTORNEY FOR NOLTE]: I think Mr. Flournoy had an obligation to pay his filing fee and he didn't do it.

Not only did Nolte not request a new trial, she specifically declined that potential remedy for her complaint. On appeal, Nolte now requests that this Court "reverse and vacate the Trial Court's two final judgments and render a take nothing judgment for the Appellee, dismissing the award of sanctions and costs against the Appellant." As stated in *Low*, "the proper method to preserve [a] notice complaint was to bring the lack of adequate notice to the attention of the trial court at the hearing, object to the hearing going forward, and/or move for a continuance." *Id.* at 618. This would have afforded Nolte a reasonable opportunity to respond. *Id*. Here, Nolte declined an opportunity to retry the motion for sanctions, apparently firmly standing solely on the mistaken assumption that the trial court did not possess the authority to enter the order due to the failure to pay fees to the clerk for the filing of a counterclaim. Therefore, she waived any complaints regarding lack of notice of the hearing.

C.     Texas Civil Practice and Remedies Code Procedural Requirements

16

Nolte also complains that procedural requirements under Chapter 10 were not followed, an example of which was the trial court's failure to "describe in [the] order imposing a sanction . . . the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed." TEX. CIV. PRAC. & REM. CODE ANN. § 10.005 (West 2002). "As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . ." TEX. R. APP. P. 33.1(a)(1). Because Nolte failed to raise these issues specific to Chapter 10 with the trial court in her motion to vacate the judgment, or otherwise, she did not preserve error with respect to these claims. *See Olibas v. Gomez*, 242 S.W.3d 527, 532 (Tex. App.—El Paso 2007, pet. denied); *Parker v. Walton*, 233 S.W.3d 535, 541 n.7 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Spiller v. Spiller*, 21 S.W.3d 451, 456 (Tex. App.—San Antonio 2000, no pet.); *Schexnider v. Scott & White Mem'l Hosp.*, 953 S.W.2d 439, 441 (Tex. App.—Austin 1997, no pet.).

We find that Nolte failed to preserve her points of error relating to due process, fair notice, and procedural requirements under the Texas Civil Practice and Remedies Code. They are overruled. TEX. R. APP. P. 33.1.

V.    **CONCLUSION**

We affirm the trial court's judgment.


Bailey C. Moseley

17

Justice

Date Submitted:    July 26, 2011
Date Decided:      August 16, 2011