

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00031-CV
_____


RAYMOND C. WOOLEN, JR., Appellant

V.

TRUIST BANK, Appellee


On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 2024-218-A


Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Truist Bank secured a purchase-money lien on a truck its debtor sold to Raymond C. Woolen, Jr., without paying the bank's debt. Truist sued Woolen to recover its collateral and obtained a summary judgment in its favor. In his pro se appeal, Woolen argues his status as a good-faith purchaser created a genuine issue of material fact that precluded the trial court's summary judgment. We find that Truist established its secured lien as a matter of law and that Woolen's status had no effect on Truist's right to recover its collateral. As a result, we affirm the trial court's judgment.

## I.    Standard of Review

"A party that moves for traditional summary judgment must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022) (citing TEX. R. CIV. P. 166a(c)). Our review of a summary judgment "is de novo, and we view the evidence in the light most favorable to the nonmovants by indulging every reasonable inference and resolving any doubts in their favor." *City of Houston v. Rodriguez*, 704 S.W.3d 462, 470 (Tex. 2024).

"Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact." *Coniglio v. Woods*, 693 S.W.3d 44, 50 (Tex. App.—Texarkana 2022, pet. denied) (quoting *Polecat Hill, LLC v. City of Longview*, 648 S.W.3d 315, 330 (Tex. App.—Texarkana 2021, no pet.) (citing *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996))). "The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the

2

summary judgment evidence." *Id.* (quoting *Delta Cnty. Appraisal Dist. v. PPF Gin & Warehouse, LLC*, 632 S.W.3d 637, 641 (Tex. App.—Texarkana 2021, pet. denied)).

## II. Factual and Procedural Background[1]

On April 25, 2020, Antonio Roderica Little entered into a contract titled "Motor Vehicle Retail Installment Sales Contract Simple Finance Charge" (Contract) with a company called Driversselect for the purchase and finance of a "2017 Ford F-150 Truck VIN 1FTEW1EP0HFB79309" (Collateral). Driversselect perfected its purchase-money lien on May 16, 2020, and Little obtained title to the Collateral on the same date. Driversselect then assigned its interest in the Contract to Branch Banking and Trust Company, which merged with SunTrust Bank and formed Truist Bank. The summary judgment evidence showed, and Woolen did not contest, that Truist held a lien on the Collateral.

After obtaining the Collateral, Little stopped making payments under the Contract, leaving an unpaid balance of $29,508.51. Instead of paying the balance, on May 23, 2023, Little sold the Collateral to Woolen and told him that he could not find the title because he had moved. On May 24, Woolen filed an application with the Texas Department of Motor Vehicles (DMV) to issue title since Little had not provided him with one.

Because the Collateral was subject to Truist's lien, the DMV notified Truist on June 12, 2023, that Woolen had obtained a motor vehicle but did not have a "valid ownership document

---

[1]The facts described in this section are established by the summary judgment evidence.

3

in order to obtain a Texas title." The notice informed Truist that Woolen "presented an application to the DMV to issue title" but that it was rejected because Truist's lien was on file.[2]

As a result of the notice, Truist sent Woolen a demand letter on December 21, 2023, for surrender of the Collateral, but Woolen refused. Consequently, in February 2024, Truist sued Woolen for conversion and declaratory judgment that it had a valid, unreleased, purchase-money lien on the Collateral.[3]

In response, Woolen filed a pro se answer containing a "Counter Suit[]" in which he argued that he was a good-faith purchaser who had invested significant resources to repair damage to the vehicle. The "Counter Suit[]" asked Truist to release the lien and provide title to Woolen or to "consider purchasing back the Ford F150 at a fair market value of $9500.00."

Truist filed a motion for traditional summary judgment. In support, Truist attached the affidavit of its manager, Traci Nardi, which established the facts of the Contract, its assignment to Truist, and the debt Little owed. The summary judgment evidence also included the DMV's June 12, 2023, letter; a certified copy of the Vehicle Title and Lien Information, showing that Truist held a purchase-money lien on the Collateral; and Truist's demand letter. In his pro se response to the summary judgment motion, Woolen introduced no evidence challenging the facts of Little's debt or Truist's purchase-money lien. Instead, Woolen's response simply argued that

---

[2]In July 2023, even though there was a lien on the Collateral, Woolen obtained a surety bond from Western Surety Company, which mistakenly issued a "Certification of Lien Satisfaction."

[3]Truist also alleged unjust enrichment, which is a measure of damages, not an independent cause of action. *See Peter G. Milne, P.C. v. Ryan*, 477 S.W.3d 888, 911 (Tex. App.—Texarkana 2015, no pet.); *Braxton v. Chin Tuo Chen*, No. 06-10-00134-CV, 2011 WL 4031171, at *2 (Tex. App.—Texarkana Sept. 13, 2011, pet. denied) (mem. op.).

he had no contractual relationship with Truist, he acquired the truck without knowledge of any pre-existing debt, and he was good-faith purchaser.

After reviewing the evidence, the trial court granted Truist's motion for summary judgment. Accordingly, the trial court entered judgment that Truist recover "[a]ctual damages of $22,600.00 or possession of the [Collateral]," $13,999.44 in attorney fees, and conditional attorney fees on appeal of $15,000.00. The trial court also dismissed Woolen's counterclaims and declared that Truist's right to possession of the Collateral was superior to any right of possession claimed by Woolen. Woolen appeals.

## III.    The Trial Court's Summary Judgment Was Proper

Truist sued Woolen for declaratory judgment and conversion. To establish its right to declaratory judgment, Truist had to establish that it held a valid, unreleased, first lien on the Collateral and that its right to possess the Collateral was superior to Woolen's right. To establish its entitlement to summary judgment on its conversion claim, Truist had to show, as a matter of law, that it (1) "had legal possession of, or was entitled to possession of the [Collateral];" (2) Woolen "assumed and exercised dominion and control over the [Collateral] in an unlawful and unauthorized manner, to the exclusion of and inconsistent with [Truist]'s rights; (3) [Truist] made a demand for the property; and (4) [Woolen] refused to return the property." *Nolte v. Flournoy*, 348 S.W.3d 262, 269 (Tex. App.—Texarkana 2011, pet. denied).

Here, Truist's summary judgment evidence showing that it had a valid, unreleased, first-priority, purchase-money lien on the Collateral was unchallenged by Woolen's evidence. *See* TEX. BUS. & COM. CODE ANN. § 9.324 (Supp.); TEX. TRANSP. CODE ANN. § 501.113(b). Despite

Woolen's claim of lack of privity of contract, Truist's purchase-money lien gave Truist the right to take possession of its Collateral after Little defaulted. *See* TEX. BUS. & COM. CODE ANN. § 9.609. Truist also established that it had a superior right to possess the Collateral because "[a] purchaser of goods acquires all title which his transferor had or had power to transfer," TEX. BUS. & COM. CODE ANN. § 2.403(a), and "cannot acquire greater rights and title than their transferor has," *NXCESS Motor Cars, Inc. v. JPMorgan Chase Bank, N.A.*, 317 S.W.3d 462, 470 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). Thus, on purchasing the Collateral from Little, "[Woolen] obtained the same rights and title as [Little]: ownership subject to [Truist]'s perfected lien." *Id.*; *see Conseco Fin. Servicing Corp. v. Lee*, No. 14-03-01194-CV, 2004 WL 1243417, at *6 (Tex. App.—Houston [14th Dist.] June 8, 2004, no pet.) (mem. op.). As a result, Truist met its summary judgment burden on its declaratory judgment claim.

Truist's summary judgment also established that, because of its outstanding lien, the DMV had not issued title to Woolen. Thus, Truist established that (1) it was entitled to the collateral as a result of its purchase-money lien,[4] (2) Woolen exercised control over the Collateral by possessing it and attempting to establish title, which was inconsistent with Truist's rights, (3) Truist sent a demand letter to Woolen, and (4) Woolen refused to return the Collateral or satisfy the lien. This evidence then shifted the burden to Woolen to create a genuine issue of material fact, which Woolen attempted to do by arguing that he was a good-faith purchaser. However, because "[w]rongful intent is not an element of conversion," *NXCESS Motor Cars, Inc.*, 317 S.W.3d at 471, "[i]t is well established under Texas law that acting with good faith or

---

[4]*See* TEX. BUS. & COM. CODE ANN. § 9.609.

6

innocence does not constitute a defense to conversion," *Smith v. Maximum Racing, Inc.*, 136 S.W.3d 337, 343 (Tex. App.—Austin 2004, no pet.); *see Stephens v. Stephens*, No. 06-19-00088-CV, 2020 WL 7330270, at *10 (Tex. App.—Texarkana Dec. 7, 2020, pet. denied) (mem. op.) ("[I]n a suit for conversion, it is no defense that the defendant acted innocently or in good faith.").

We find that Truist established its entitlement to summary judgment as a matter of law and that there was no genuine issue of material fact to preclude it. As a result, we overrule Woolen's points of error challenging the trial court's entry of summary judgment in Truist's favor.[5]

## IV. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     October 28, 2025
Date Decided:       November 10, 2025

---

[5]By separate point, Woolen argues that the trial court erred by dismissing his counterclaims, which sought either Truist's release of the lien or payment of fair market value for the truck. We overrule this point because our analysis of Truist's traditional motion for summary judgment established that it was not obligated to release the lien or pay Woolen for its Collateral.