

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00163-CV

_____

CLAUDIA A. BRADY, Appellant and Appellee

V.

GREGORY A. BRADY AND ONE NETWORK ENTERPRISES, INC.,
Appellees and Appellants

_____

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-724980-22

_____

AND

_____

No. 02-23-00164-CV
_____

IN RE CLAUDIA A. BRADY, Relator

---

Original Proceeding
233rd District Court of Tarrant County, Texas
Trial Court No. 233-694691-21

---

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

When Claudia Brady (Wife) and Gregory Brady (Husband) divorced, they signed an agreement incident to divorce (the Agreement) that provided for arbitration of certain issues, including "[t]he issue of whether a party committed one or more prohibited behaviors set out [in the Agreement]." Husband's company, One Network Enterprises, Inc., was a third party in the divorce proceeding, and it joined in the Agreement as well.

The divorce decree incorporated the parties' Agreement, and after the decree became final, Husband and One Network alleged that Wife had violated the Agreement, and they demanded arbitration. Wife resisted, but the trial court granted Husband and One Network's motion to enforce the Agreement, and it compelled the parties to arbitrate. Upon completion of arbitration, Husband and One Network filed a new lawsuit to confirm the arbitration award. The suit was transferred to the same trial court that had granted the divorce and compelled arbitration. That court confirmed the arbitration award. But the court marked through some of the attorney's fees that the arbitrator had conditionally approved for Husband and One Network.

All three parties appeal the judgment confirming the arbitration award, and these appeals have been consolidated with Wife's request for mandamus relief from

3

the order compelling arbitration.[1]  Husband and One Network's sole appellate issue is the trial court's reduction of their attorney's fees.  Wife, for her part, raises what we construe as five challenges to the judgment confirming the arbitration award, while also alleging that she is entitled to a writ of mandamus based on the trial court's lack of subject matter jurisdiction to compel arbitration.

Because the trial court had subject matter jurisdiction to compel arbitration, we will deny Wife's petition for mandamus relief.  And because Wife failed to preserve any meritorious challenges to the court's judgment confirming the arbitration award, we will overrule her appellate issues.  As for Husband and One Network's challenge to the reduction of their attorney's fees, we agree that the trial court was not provided with a valid statutory basis for modifying the arbitrator's fee award.  Therefore, we will reverse the portion of the trial court's judgment that removed some of Husband and One Network's conditional attorney's fees, render judgment to reflect the attorney's fees set forth in the arbitration award, and affirm the remainder of the trial court's judgment.

---

[1]Wife initially framed her mandamus petition as an appeal from the order compelling arbitration, but when we questioned our jurisdiction over that case, she asked us to construe her appeal as a petition for writ of mandamus.  We construe Wife's appeal as requested, and because we deny mandamus relief, a separate response from Husband was not necessary. *See* Tex. R. App. P. 52.4 (providing that a court may not "grant relief[,] other than temporary relief[,] before a response has been filed or requested").

# I. Background

In 2021, Husband and Wife divorced.

## A. Agreement

When the 233rd District Court entered Husband and Wife's agreed divorce decree, the decree referenced the fact that Husband, Wife, and One Network had "entered [in]to an Agreement Incident to Divorce and Settlement of Third Party Claim," and the trial court "approve[d] the [A]greement[,] . . . incorporate[d] it by reference as part of th[e] decre[e], . . . and order[ed] the parties to do all things necessary to effectuate the [A]greement." [Italics removed.]

The Agreement prohibited certain behaviors, and if a party violated its terms, it provided for an award of "the greater of actual damages or $500,000.00 liquidated damage payment per occurrence." Moreover, if Wife was found to have engaged in certain prohibited behaviors, then "as liquidated damages, [she] forfeit[ed] all interests she ha[d] in the . . . Irrevocable Trust No. 2."[2]

To determine whether a violation had occurred, the parties agreed to submit the matter to arbitration:

> The issue of whether a party committed one or more prohibited behaviors set out herein, [Wife's] violation of [specific articles of the Agreement], and the resulting forfeiture of [Wife's] interest in

---

[2]The Agreement deterred meritless allegations of violations by requiring a party who unsuccessfully moved to enforce the Agreement to pay a given sum to the defending party.

the . . . Irrevocable Trust No. 2 shall be submitted to binding arbitration, which shall take place within 90 days of notice being given to the other party an [sic] alleged violation of any prohibited behavior or violation of [specific articles] herein. . . . The loser shall pay the other parties' arbitration costs and fees, including reasonable and necessary attorney's fees.

None of the parties appealed the divorce decree.

## B.   Post-Divorce Proceedings

After the divorce decree became final, Husband and One Network alleged that Wife had engaged in prohibited behaviors in violation of the decree and Agreement, and they filed a demand for arbitration with the arbitrator named in the Agreement. But Wife disagreed that arbitration was warranted, and she sought the trial court's intervention by filing an objection and motion to quash, arguing that the Agreement's liquidated-damages and forfeiture provisions were unenforceable penalties that rendered the arbitration clause unenforceable as well. Husband and One Network responded by asking the trial court to compel arbitration.

Meanwhile, One Network alleged that Wife was threatening additional violations of the decree and Agreement, and it asked the trial court to issue temporary restraining and show-cause orders to prevent such violations. The trial court issued One Network's requested orders, and after hearings on these and the arbitration motions, it found that Wife had violated the decree, it issued a cease-and-desist order to deter her anticipated violations of the decree, and it compelled the parties to participate in binding arbitration.

6

**C.    Arbitration**

In the arbitration proceeding, the arbitrator entered an agreed scheduling order that set procedural deadlines—including deadlines for the parties' amended pleadings and exhibit lists—and that established the date of the final evidentiary hearing as August 16, 2022.  The scheduling order also noted that "proof of attorneys' fees and costs w[ould] be made by written submission following the Final Evidentiary Hearing" and set a deadline for the submission of fee-related evidence 17 days after the final hearing (September 2, 2022).

A little over a month before the final hearing was scheduled to commence, Wife's counsel moved to withdraw, explaining that Wife "no longer wishe[d] to retain [them] as her counsel."  Husband and One Network noted the upcoming final hearing date and "object[ed] to and oppose[d] any attempt by [Wife] to use the withdrawal as grounds for any further delay of th[e] arbitration proceeding."  The arbitrator permitted counsel's withdrawal but, given Husband and One Network's concerns, he directed Wife's withdrawing counsel to provide her with another copy of the scheduling order, and he reiterated that the final hearing would "not be continued."

Wife requested a continuance anyway.  A few weeks after her counsel withdrew and less than a week before the final hearing date, Wife emailed the arbitrator to complain that moving forward was "unfair" because she "d[id]n't even have counsel and [she] c[ould]n't because no one [wa]s available August 16th for arbitration."  She

7

"request[ed] a 2[-]week delay[] to get [new] counsel up to speed," asking "to change the date for arbitration [to] the first week of September."

On the date scheduled for the final hearing (August 16, 2022), the arbitrator heard Wife's motion for continuance instead. Ultimately, he granted the continuance but ordered that the various deadlines that had already expired—including the deadlines to amend pleadings and disclose exhibits—would not be extended. As the arbitrator later explained, "[t]he condition precedent of the continuance was that the case would be conducted under its then[-]current status," and the arbitrator discussed these parameters with Wife's new counsel before he agreed to the continuance. The arbitration hearing was rescheduled for September 2, 2022, which was the date that had originally been set for submission of post-hearing fee-related evidence.

Despite the arbitrator's ruling that the case would be tried based on its August 16 status, less than 48 hours before the new hearing date, Wife filed a supplemental answer and updated her exhibit list to include 35 new exhibits. Husband and One Network immediately objected, and because Wife's documents were untimely "in contravention to the Scheduling Order," the arbitrator declined to consider the supplemental answer and excluded the exhibits.

At the end of the final hearing, the arbitrator found that Wife "ha[d], on numerous occasions, committed one or more of the 'prohibited behaviors'" in the Agreement, and "[b]ased on her commission of the . . . prohibited behaviors, [she] . . . ha[d] forfeited all interests she ha[d] in the . . . Irrevocable Trust No. 2."

Given that the scheduling order had originally provided the parties approximately 17 days after the final hearing to submit evidence of attorney's fees, the arbitrator set a new deadline for the submission of fee-related evidence 17 days from the rescheduled hearing date—September 19, 2022—and he set a new deadline for Wife to respond to that submission.

After Husband and One Network filed their evidence of attorney's fees and Wife responded, the arbitrator ordered Wife to pay Husband and One Network $122,241.25 for arbitration attorney's fees and $18,768.75 for arbitration costs. The arbitrator also found "the conditional fees as set out in [Husband and One Network's] request [for fees] to be appropriate" and stated that such conditional fees "should be included in the final order in this cause." Those conditional fees provided $50,000 if Wife unsuccessfully sought to overturn or invalidate the arbitration award at the trial court level; an additional $75,000 if Wife unsuccessfully appealed the trial court's confirmation of the arbitration award to the court of appeals; and an additional $75,000 if Wife unsuccessfully appealed to the Texas Supreme Court.

### D.    Confirmation Proceedings

Husband and One Network sought confirmation of the arbitration award by filing a new lawsuit that was transferred to the 233rd District Court. Wife moved to vacate the award, arguing that the arbitrator (1) "refused to hear evidence material to the controversy," denied her the opportunity to "be heard," and "substantially prejudiced [her] rights" by excluding her exhibits and striking her supplemental

9

answer, *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 171.047, .088(a)(3)(C), (D); and (2) "exceeded [his] powers" by extending the deadline for Husband and One Network's evidence of attorney's fees and awarding them fees based on that evidence, *see id.* § 171.088(a)(3)(A). Wife also filed a plea to the jurisdiction in which she argued that the trial court had lacked subject matter jurisdiction to compel arbitration so it should not approve the arbitration award that had been issued as a result of the allegedly void order compelling arbitration.[3] Meanwhile, back in the divorce proceeding, Wife filed a motion to vacate the order compelling arbitration based on the court's alleged lack of subject matter jurisdiction and its alleged failure to resolve Wife's challenge to the enforceability of the arbitration agreement.[4]

The trial court held a combined hearing on the two lawsuits and the various pending motions, and it subsequently denied Wife's motion to vacate in the divorce proceeding, it denied her plea to the jurisdiction and motion to vacate in the confirmation proceeding, and it entered a final judgment in the confirmation proceeding. In the final judgment, the court found that the arbitration award "should

[3]Wife further argued that the court lacked subject matter jurisdiction to confirm the award. She reasoned that, by statute, the court had subject matter jurisdiction to render judgment on an arbitration award if the underlying agreement "provide[d] for or authorize[d] an arbitration in this state," Tex. Civ. Prac. & Rem. Code Ann. § 171.081, but the Agreement did not specify a location for arbitration, so it did not provide for arbitration in Texas.

[4]Wife also filed an unrelated plea to the jurisdiction with the trial court, challenging the court's jurisdiction to consider a motion for sanctions.

10

be CONFIRMED," but in its recitation of the award's provisions, the court marked through the $50,000 in trial court attorney's fees that the arbitrator had conditionally authorized for Husband and One Network if Wife contested confirmation of the arbitration award.[5]

Wife filed appeals in both the post-divorce and confirmation proceedings, and Husband and One Network filed a cross-appeal from the confirmation judgment.

## II. Order Compelling Arbitration

After receiving Wife's notice of appeal in the post-divorce proceeding, we expressed concern that we lacked jurisdiction over the appeal. We noted that the judgment confirming the arbitration award had been entered in a different case—the confirmation case—and because the time to appeal the divorce decree had passed, we directed Wife to identify an appealable final judgment in the divorce proceeding or to show other grounds for continuing her appeal. *See Johnson v. U-Haul Corp*, No. 05-18-00945-CV, 2018 WL 6839573, at *1 (Tex. App.—Dallas Dec. 31, 2018, no pet.) (mem. op.) (noting that "an order compelling arbitration is reviewable on appeal only upon final judgment" and dismissing appeal). In her jurisdictional response and briefing, Wife urged us to construe her challenge to the order compelling arbitration

---

[5]Wife requested findings of fact and conclusions of law, and the court entered bare-bones findings and conclusions.

as a petition for mandamus relief.[6]  Even doing so, though, Wife's challenge to the order compelling arbitration fails on the merits.

## A.    Governing Law and Standard of Review

Mandamus is an extraordinary remedy and will issue only if the trial court clearly abuses its discretion and the relator has no adequate remedy by appeal.  *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding).  A trial court clearly abuses its discretion if it issues an order without subject matter jurisdiction.  *See In re Pixler*, 584 S.W.3d 79, 83–84 (Tex. App.—Fort Worth 2018, orig. proceeding) (stating that "mandamus is generally proper if a trial court lacks subject[ ]matter jurisdiction").

## B.    Wife's Mandamus Petition:  Subject Matter Jurisdiction

Generally, "[t]he court that rendered the decree of divorce . . . retains the power to enforce . . . any contractual provisions under the terms of an agreement incident to divorce . . . that was approved by the court."  Tex. Fam. Code Ann. § 9.002.  Wife acknowledges as much but argues that the trial court lacked subject

---

[6]Alternatively, Wife asks us to "waive any procedural defect in the trial court's failure to sign an order consolidating this case with the subsequently filed [confirmation] case."  Wife has not cited anything in the record to demonstrate that she moved the trial court to consolidate the divorce and confirmation cases or sought a hearing on such a motion.  In fact, other pleadings indicate that, although Wife initially moved to consolidate, she later withdrew her request.  And on appeal, Wife acknowledges that her "position [was] that there wasn't a 'pending' case in which to transfer the confirmation case" because, from her perspective, the post-divorce trial court lacked subject matter jurisdiction.

matter jurisdiction to "enter any order[,] including an order compelling her to attend arbitration," after its plenary power had expired and none of the parties had filed a new lawsuit to invoke the court's continuing subject matter jurisdiction.[7] Therefore, Wife reasons, the order compelling arbitration was void.

But the premise of Wife's argument—that none of the parties had filed a new lawsuit—is incorrect. Husband and One Network's motion to enforce the decree by compelling arbitration was "the equivalent of a new suit." *Allmond v. Loe, Warren, Rosenfield, Kaitcer, Hibbs & Windsor, P.C.*, No. 2-09-132-CV, 2010 WL 1267786, at *1 (Tex. App.—Fort Worth Apr. 1, 2010, pet. denied) (mem. op.) (rejecting argument that trial court lacked subject matter jurisdiction to issue fee award because, although "the trial court's plenary power over the divorce decree had expired, [wife] filed a motion to enforce, which under the family code is the equivalent of a new suit"); *see* Tex. Fam. Code Ann. § 9.001; *In re Morrison*, No. 12-22-00001-CV, 2022 WL 598681, at *4–5 (Tex. App.—Tyler Feb. 28, 2022, orig. proceeding) (mem. op.); *In re Fischer*, No. 05-20-00278-CV, 2020 WL 4592832, at *3 (Tex. App.—Dallas Aug. 11, 2020,

---

[7]Despite Wife's challenge to the trial court's subject matter jurisdiction to "enter any order," it was Wife—not Husband or One Network—who initially sought the court's intervention in the arbitration dispute. When Husband and One Network demanded arbitration in October 2021, they filed the demand with the pre-arranged arbitrator, and Wife responded by filing an objection and motion to quash arbitration with the court. Only then did Husband and One Network move the trial court to compel arbitration. Wife has not explained how or why the trial court allegedly had subject matter jurisdiction to issue her requested order quashing arbitration but lacked subject matter jurisdiction to deny her request and compel arbitration.

orig. proceeding) (mem. op.); *Coleman v. Coleman*, No. 01-09-00615-CV, 2010 WL 5187612, at \*1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.); *cf. Curtis v. Gibbs*, 511 S.W.2d 263, 268 (Tex. 1974) (stating rule that "a petition which sets forth a cause of action within the jurisdiction of the court in which it is filed [i]s effective to commence a new suit" and holding that "the docket number [wa]s irrelevant" when husband filed new suit under prior divorce action's cause number).

It is "the substance of [the] plea for relief t[hat] determine[s] the nature of the pleading, not merely . . . the form [or] title given to it." *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *see* Tex. R. Civ. P. 71; *In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016); *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011); *Wells Fargo, N.A. v. Clower*, No. 02-20-00058-CV, 2021 WL 4205056, at \*6 (Tex. App.—Fort Worth Sept. 16, 2021, no pet.) (mem. op.). And here, the substance of Husband and One Network's motion to compel alleged that Wife had "breached the Agreed Decree and [Agreement]" and "request[ed that] th[e trial c]ourt enforce the arbitration clause and compel arbitration." The Agreement and arbitration clause had been incorporated into the divorce decree and identified arbitration as the parties' agreed mechanism for enforcement of certain provisions of that decree. *See In re Provine*, 312 S.W.3d 824, 829–30 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding) (holding that divorce court had continuing subject matter jurisdiction to compel arbitration when mediated settlement agreement had been incorporated into divorce decree and made arbitration "the parties' agreed mechanism for enforcement of the provisions of

the decree"). So when Husband and One Network moved to "enforce the arbitration clause" based on alleged violations of the decree and Agreement, they were moving to enforce the decree—"the equivalent of a new suit." *Allmond*, 2010 WL 1267786, at *1.

Wife protests, though, that Husband and One Network were not charged the filing fee corresponding to a new enforcement suit.[8] However, "the payment of a filing fee is not generally a prerequisite to [subject matter] jurisdiction." *Nolte v. Flournoy*, 348 S.W.3d 262, 268 (Tex. App.—Texarkana 2011, pet. denied) (internal quotation marks omitted) (quoting *J. Allen Fam. Partners, Ltd. v. Swain*, No. 04-09-00384-CV, 2010 WL 2103228, at *3 (Tex. App.—San Antonio May 26, 2010, no pet.) (mem. op.)); *see Mech v. GXA Network Sols.*, No. 05-16-00270-CV, 2017 WL 3634275, at *5–6 (Tex. App.—Dallas Aug. 24, 2017, no pet.) (mem. op.) (concluding trial court had jurisdiction to rule on motion despite party's failure to pay filing fee); *Kapur v. Fondren Sw. Tempos Ass'n*, No. 01-13-00138-CV, 2013 WL 5636685, at *4 (Tex. App.—Houston [1st Dist.] Oct. 15, 2013, no pet.) (mem. op.) ("A party need not pay a filing fee for the trial court to exercise jurisdiction over the claims."); *Kujawa v. Kujawa*, No. 01-11-00963-CV, 2012 WL 1753637, at *2–3 (Tex. App.—Houston [1st Dist.] May 17, 2012, no pet.) (mem. op.) (concluding that trial court had discretion to consider or not consider counterclaim when party failed to pay filing fee); *J. Allen Fam. Partners*,

_____

[8]Wife has not cited anything in the record to support this allegation.

15

2010 WL 2103228, at *3 (explaining that appellees "did not have an unconditional right to have the counterclaim heard if the fee was not paid, but the trial court had jurisdiction to consider and rule on the claim"); *Kvanvig v. Garcia*, 928 S.W.2d 777, 779 (Tex. App.—Corpus Christi–Edinburg 1996, orig. proceeding) ("reject[ing] any jurisdictional impediment to the trial court's consideration of the motion before the filing fee [wa]s paid").

Wife further contends that the motion to compel was not an enforcement suit because neither Husband nor One Network requested service of citation.[9] Tex. Fam. Code Ann. § 9.001(c) (stating that "[a] party whose rights . . . may be affected by the suit to enforce is entitled to receive notice by citation"). But "[c]omplaints regarding defects in service of citation implicate the trial court's personal jurisdiction, not its subject[ ]matter jurisdiction." *Page v. De La Cruz*, No. 05-22-00020-CV, 2023 WL 5123751, at *4 (Tex. App.—Dallas Aug. 10, 2023, no pet.) (mem. op.); *see Guardianship of Fairley*, 650 S.W.3d 372, 385 (Tex. 2022) (noting that party "conceded . . . that her complaints about service concern personal jurisdiction, not subject[ ]matter jurisdiction"). Personal jurisdiction can be waived, *see Fairley*, 650 S.W.3d at 386; *Page*, 2023 WL 5123751, at *4, and regardless, Wife has not challenged it on appeal.

---

[9]Wife also repeatedly alleges that she was not properly served with the demand for arbitration that Husband and One Network had filed with the parties' pre-arranged arbitrator, but she has not identified this as an issue on appeal or explained how the alleged service defect impacted the trial court's subject matter jurisdiction to rule on the motion to compel.

Because Husband and One Network's motion to enforce the divorce decree by compelling arbitration was "the equivalent of a new suit," *Allmond*, 2010 WL 1267786, at *1, the premise of Wife's jurisdictional challenge—that "n[one] of the parties filed any new causes of action that would invoke the jurisdiction of the trial court"—is invalid. The trial court had subject matter jurisdiction to compel arbitration. So even construing Wife's challenge to the trial court's order compelling arbitration as a request for mandamus relief, she is not entitled to such relief.

We deny her petition.

## III. Confirmation Judgment

The remainder of the parties' issues relate to the trial court's judgment confirming the arbitration award but modifying the attorney's fees authorized by the arbitrator.

## A. Governing Law and Standard of Review

"[B]ecause Texas law favors arbitration, judicial review of an arbitration award is extraordinarily narrow." *Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016) (quoting *E. Tex. Salt Water Disposal Co. v. Werline,* 307 S.W.3d 267, 271 (Tex. 2010)); *see City of Arlington v. Kovacs*, 508 S.W.3d 472, 476 (Tex. App.—Fort Worth 2015, pet. denied). An arbitration award is given the same effect as a judgment of a court of last resort, and a trial court's ruling on a motion to confirm or vacate an arbitration award "serves an appellate function" by "reviewing the award for reversible error." *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 101 n.79 (Tex. 2011); *CVN Grp., Inc. v. Delgado*,

17

95 S.W.3d 234, 238 (Tex. 2002). All reasonable presumptions are indulged in favor of the arbitration award and none against it. *Nafta Traders*, 339 S.W.3d at 95 n.5 (quoting *CVN Grp.*, 95 S.W.3d at 238); *City of Arlington*, 508 S.W.3d at 476.

By default, "[u]nless grounds are offered for vacating, modifying, or correcting an [arbitration] award," the trial court "shall confirm the award." Tex. Civ. Prac. & Rem. Code Ann. § 171.087. The available grounds for vacating, modifying, or correcting an arbitration award are statutorily delineated in the Texas Arbitration Act (TAA).[10] *See id.* §§ 171.088, .091; *see Hilton v. Korrect Gen. Contracting, LLC*, No. 02-20-00337-CV, 2021 WL 4621761, at *2 (Tex. App.—Fort Worth Oct. 7, 2021, pet. denied) (mem. op.) (noting that the statute "'leaves no room for courts to expand on' the grounds listed" for vacating or modifying an arbitration award (quoting *Hoskins*, 497 S.W.3d at 494)).

Under the TAA, and as relevant here, a trial court must vacate an arbitration award on application of a party if the arbitrator is shown to have "refused to hear evidence material to the controversy"; "conducted the hearing, contrary to . . . Section 171.047, in a manner that substantially prejudiced the rights of a party"; or "exceeded [his] powers." Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(3). And if "the arbitrator[] ha[s] made an award with respect to a matter not submitted to [him] and the award may be corrected without affecting the merits of the decision made with

---

[10]All parties cite the TAA and implicitly agree that it applies.

18

respect to the issues that were submitted," then on application, the trial court must modify or correct the award. *Id.* § 171.091(a)(2). Otherwise, the default rule applies, and the trial court "shall confirm the award." *Id.* § 171.087.

A trial court's decision to confirm, modify, or vacate an arbitration award is reviewed de novo. *City of Arlington*, 508 S.W.3d at 476. But in our review, "[a]ny ground for vacatur not presented to the trial court is waived and cannot be argued on appeal." *Saiz v. Susser Holdings Corp.*, No. 04-14-00487-CV, 2015 WL 1089605, at *2 (Tex. App.—San Antonio Mar. 11, 2015, no pet.) (mem. op.); *see* Tex. R. App. P. 33.1(a); *Jefferson Cnty. v. Jefferson Cnty. Constables Ass'n*, 546 S.W.3d 661, 665 (Tex. 2018) (questioning preservation and citing case law "holding that a party seeking to vacate an arbitration award waives on appeal any grounds not presented to the trial court"); *Thiessen v. Fid. Bank*, No. 02-17-00321-CV, 2018 WL 5993316, at *2–3 (Tex. App.— Fort Worth Nov. 15, 2018, pet. denied) (mem. op.) (holding that appellant failed to preserve challenge to arbitration award by failing to raise it in the trial court); *Reitman v. Yandell*, No. 02-17-00245-CV, 2018 WL 1324775, at *1–2 (Tex. App.—Fort Worth Mar. 15, 2018, no pet.) (per curiam) (mem. op.) (holding appellants "forfeited their right to seek judicial review of the [arbitration award]" by failing to file a timely motion to vacate, modify, or correct the award); *Human Biostar, Inc. v. Celltex Therapeutics Corp.*, 514 S.W.3d 844, 850 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("A party seeking to vacate an arbitration award must present any grounds for doing so to the trial court, otherwise, those complaints are waived on appeal."); *Black*

*v. Shor*, 443 S.W.3d 154, 163 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied) (similar).

## B. Wife's Appeal

Wife raises what we construe as five challenges to the confirmation judgment. She claims that the arbitration award should have been vacated rather than confirmed because (1) the trial court's and arbitrator's refusals to consider her "threshold" challenge to the Agreement's forfeiture provision denied her due process; (2) Husband and One Network waived the right to arbitrate; (3) the arbitrator's consideration of the trial court's temporary restraining order, show-cause orders, and cease-and-desist order substantially prejudiced her; (4) the arbitrator refused to consider material evidence, failed to comply with statutory procedure, and substantially prejudiced her by excluding her exhibits and striking her supplemental answer; and (5) the arbitrator exceeded his authority by allowing her counsel to withdraw and by extending the deadline for submission of fee-related evidence and then awarding attorney's fees based on that evidence.

### 1. Denial of Due Process

First, Wife argues that she was denied due process because, when she resisted arbitration by challenging the forfeiture provision's enforceability, the trial court refused to rule on the issue and referred it to arbitration, where the arbitrator similarly refused to consider it. She claims that this alleged denial of due process required the trial court to vacate the arbitration award.

20

But Wife did not ask the trial court to vacate the arbitration award on this basis, nor did she raise the forfeiture provision's enforceability with the court as a ground for modifying the amount of the award. By failing to raise this issue with the trial court, Wife failed to preserve it as a ground for reversing that court's judgment. *See Thiessen*, 2018 WL 5993316, at *2–3. We overrule this issue.

### 2. Husband and One Network's Waiver

Wife next argues that Husband and One Network waived their right to arbitrate and that because of this waiver, the trial court should have vacated the arbitration award. This argument fails for two reasons.

First, Wife again failed to raise the issue as a ground for vacatur before the trial court. She thus failed to preserve it for appellate review. *See Thiessen*, 2018 WL 5993316, at *2–3.

And second, even if Wife had preserved her waiver argument, "an alleged waiver of the right to arbitrate is not a statutory ground for vacating, modifying, or correcting an arbitration award." *Ewing v. Act Catastrophe-Tex. L.C.*, 375 S.W.3d 545, 552 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *see Baty v. Bowen, Miclette & Britt, Inc.*, 423 S.W.3d 427, 432–33 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) ("[W]aiver of arbitration is not a valid basis for vacating an arbitration award, under either the Federal Arbitration Act [(FAA)] or the [TAA].").

We overrule this issue.

### 3. Arbitrator's Consideration of Trial Court Orders

Wife also contends that the arbitration award should have been vacated because she was substantially prejudiced by the arbitrator's consideration of the trial court's temporary restraining order, show-cause orders, and cease-and-desist order. Wife claims that these orders amounted to "finding[s that] she willfully violated the [divorce d]ecree and [Agreement]" and that such findings were improper comments on the weight of the evidence and left "nothing . . . for the [a]rbitrator to decide."

Once again, Wife did not raise this as a ground for vacatur in the trial court, so she has not preserved it for appellate review. *See Thiessen*, 2018 WL 5993316, at \*2–3. Although she claims that Texas Rule of Evidence 605 relieved her of the responsibility to preserve the issue, that Rule is inapplicable. Rule 605 applies when "[t]he presiding judge" gives the functional equivalent of witness testimony by commenting on the evidence, Tex. R. Evid. 605, and the trial court did not preside over the arbitration proceeding. Moreover, while Rule 605 states that "[a] party need not object" at the time of the presiding judge's comment, nothing in the Rule relieves a party of the obligation to raise the issue when another court reviews the proceeding for reversible error. *See id.* The trial court was doing the latter, "serv[ing] an appellate

22

function" after arbitration, *Nafta Traders*, 339 S.W.3d at 101 n.79, but Wife did not raise the issue with that court.[11]

We overrule this issue.

### 4. Arbitrator's Refusal to Hear Wife's Evidence

This brings us to Wife's contention that the trial court should have vacated the arbitration award because the arbitrator excluded "all of [her] exhibits" and declined to consider her supplemental answer. Wife complains that these rulings were "contrary to Texas Civil Practice and Remedies Code 171.047" and "substantially prejudiced her rights" by refusing to consider material evidence and thereby denying her the opportunity to "be heard." *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.047 (providing that "a party at the [arbitration] hearing is entitled to . . . be heard[ and] . . . present evidence material to the controversy"), § 171.088(a)(3) (providing for vacatur of arbitration award if arbitrator "refused to hear evidence material to the controversy" or "conducted the hearing, contrary to . . . Section 171.047, in a manner that substantially prejudiced the rights of a party").

But as Wife concedes, "[a]n arbitrator is not bound to hear all the evidence tendered by the parties as long as each party is given an adequate opportunity to

---

[11]Not to mention that Wife herself sought to admit duplicate copies of the temporary restraining and cease-and-desist orders into evidence. In fact, Wife complains of the exclusion of these exhibits on appeal, arguing that they (along with her other excluded exhibits) constituted material evidence that the arbitrator should have considered.

present evidence and arguments." *Kosty v. S. Shore Harbour Cmty. Ass'n, Inc.*, 226 S.W.3d 459, 463 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (applying rule in TAA case); *see Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 234 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (applying rule in FAA case).[12] Here, the arbitrator gave Wife an opportunity to present her case, provided that she did so in accordance with the scheduling order.

The scheduling order, which was entered at the beginning of June 2022, gave all of the parties until mid-June to amend their pleadings and until early August to exchange exhibits lists. The parties were not only aware of this order but—as Wife reminds us in other portions of her appellate brief—they agreed to it. Indeed, the order recites that the parties had "conferred and agreed on a schedule for th[e] arbitration proceeding" and had "jointly requested" the order's entry.

When Wife's counsel withdrew in early July, the arbitrator directed counsel to provide Wife with another copy of the scheduling order, reminding her of the

---

[12]The FAA states that the arbitrator's "refusing to hear evidence pertinent and material to the controversy" is a ground for vacating an arbitration award. 9 U.S.C.A. § 10(a)(3). Because this provision is substantially similar to the Texas statutes relied upon by Wife—which allow vacatur if the arbitrator "refuse[s] to hear evidence material to the controversy" or denies a party the opportunity to "be heard" by "present[ing] evidence," Tex. Civ. Prac. & Rem. Code Ann. §§ 171.047, .088(a)(3)— we may look to relevant case law interpreting the federal provision for guidance. *See Sousa v. Goldstein Faucett & Prebeg, LLP*, No. 14-20-00484-CV, 2022 WL 2976820, at *10 n.18 (Tex. App.—Houston [14th Dist.] July 28, 2022, no pet.) (mem. op.) (concluding similarly); *Kosty*, 226 S.W.3d at 463 n.5 (similar); *Tri-Star Petroleum Co. v. Tipperary Corp.*, 107 S.W.3d 607, 613 (Tex. App.—El Paso 2003, pet. denied) (similar).

deadlines relevant to her case. And when the arbitrator granted Wife's requested continuance of the final hearing date on August 16, 2022, he did so on the condition that the case would be tried in its then-current status, effectively warning the parties that pleadings and exhibits filed later would not be considered. The arbitrator subsequently noted that he had "had this discussion with [Wife's new counsel] before [he] agreed to the continuance and she understood the parameters." Yet, Wife chose to wait until the eve of the new hearing date to disclose 35 new exhibits and to file a supplemental answer.

Wife's failure to take advantage of the opportunity to present her case, i.e., her decision to ignore the scheduling order's deadlines, does not constitute reversible error by the arbitrator, nor is it equivalent to the arbitrator's refusing to consider material evidence. *See Elite Framing v. BBL Builders, L.P.*, No. 05-15-01430-CV, 2016 WL 3346041, at *2–3 (Tex. App.—Dallas June 15, 2016, pet. denied) (mem. op.) (holding no grounds for vacatur under TAA when arbitrator, "in accordance with his rule established at the beginning of the hearing," excluded exhibits that had not been produced during discovery); *Sanders v. Newton*, 124 S.W. 482, 483 (Tex. App.—Fort Worth 1909, writ ref'd) (noting that "[t]he arbitrators adopted as a rule of procedure that neither party to the controversy should be present while any other witness was testifying, [and] the evidence conclusively shows that the parties were informed of this rule at the outset, and that they acquiesced in it, and thereafter proceeded with the submission of their respective claims," so "[i]f such action would ordinarily constitute

25

a valid ground to vacate the award, . . . [the parties'] right to complain was clearly waived"); *see also Fogal v. Stature Const., Inc.*, 294 S.W.3d 708, 721 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (rejecting argument that arbitrator refused to hear material evidence in FAA case and pointing out that, "[a]lthough the arbitrator limited [certain] evidence, the [appellants] were given an adequate opportunity to present evidence and arguments"). The scheduling order provided the parties with an adequate opportunity to "be heard" and to present their evidence. Tex. Civ. Prac. & Rem. Code Ann. § 171.047.

We overrule this issue.

### 5. Arbitrator's Exceeding Authority

In her final challenge to the judgment confirming the arbitration award, Wife argues that the arbitrator exceeded his authority by allowing her counsel to withdraw a month before the final hearing date and by extending the deadline for Husband and One Network's submission of fee-related evidence. *See id.* § 171.088(a)(3)(A) (providing for vacatur of arbitration award if arbitrator "exceeded [his] powers").

Regarding Wife's counsel's withdrawal, Wife did not request vacatur of the arbitration award on this basis, so she failed to preserve that challenge to the confirmation judgment. *See Thiessen*, 2018 WL 5993316, at *2–3.

As for the arbitrator's extension of the deadline for evidence of attorney's fees, Wife appears to assert that because the parties agreed to the scheduling order, the matters presented to the arbitrator were contingent upon the agreed deadlines in that

26

scheduling order, so the arbitrator did not have the authority to consider matters outside of those deadlines. By Wife's logic, then, the arbitrator could not have extended the agreed-upon deadlines or awarded attorney's fees based on evidence submitted after those deadlines.[13]

But "[t]he scope of an arbitrator's authority to adjudicate a dispute is determined by the scope of the controlling arbitration clause," *City of Beaumont v. Int'l Ass'n of Firefighters, Loc. Union No. 399*, 241 S.W.3d 208, 212 (Tex. App.—Beaumont 2007, no pet.)—not the arbitrator's scheduling order. Nothing in the Agreement conditioned the arbitrator's authority on his compliance with the procedural dates he set forth in his own scheduling order. *See Elite Framing*, 2016 WL 3346041, at *3–4 (rejecting argument that arbitrator exceeded his authority by calculating contract damages using hourly rate that parties had not agreed to and noting that "the arbitration agreement . . . did not place restrictions on the arbitrator's authority to decide the amount of damages for the breach of contract claim"). Nor did the scheduling order itself indicate that the arbitrator's authority to hear the controversy was conditioned on the deadlines established therein. And Wife has not cited, nor have we found, any case law to support the idea that, as a general rule, an arbitrator's

---

[13]It is unclear if Wife intends to argue that the issue of attorney's fees was not encompassed within the Agreement's arbitration clause and was submitted to the arbitrator solely based on the "agreement of the parties" recited in the scheduling order. To the extent that she so intends, she has waived the issue by failing to adequately brief it. *See* Tex. R. App. P. 38.1.

authority is conditioned on his compliance with the deadlines in his own scheduling order—whether or not the parties agree to that order.[14]

In fact, Wife's actions show that she knows better. Wife herself urged the arbitrator to deviate from the scheduling order by seeking and obtaining a continuance of the final arbitration hearing date. Wife cannot have her cake—by requesting a continuance of the scheduling order's final hearing date—and eat it,

---

[14]To support her argument that the arbitrator exceeded his authority, Wife cites *Pettus v. Pettus*, 237 S.W.3d 405 (Tex. App.—Fort Worth 2007, pet. denied), which she summarizes as holding that "the arbitrators exceeded their powers by failing to follow their own procedure." But that case involved a different situation. There, the arbitration panel issued several separate decisions, and one of the decisions involved the procedures for ongoing management of employees in the spouses' closely held corporation. *Id.* at 409–10. The decision provided that if certain employee situations transpired and the divorcing parties could not agree on how to handle a matter, then it would be submitted to arbitration, and the parties would be required to offer the relevant employee the opportunity to participate in the arbitration. *Id.* at 410. Later, the trial court ordered the arbitration panel to arbitrate an employee issue and to "strictly follow[]" the procedures established in the panel's prior decision, but the parties refused to invite the relevant employees to participate, and the arbitration panel proceeded anyway, "reliev[ing]" the parties' counsel of their obligations to invite the employees. *Id.* at 413, 419–20. The trial court determined that the arbitration panel had exceeded its authority by proceeding with the arbitration rather than strictly following the procedures that had been ordered by the trial court and set forth in the panel's prior, unchallenged arbitration decision. *Id.* at 419–20.

Here, the arbitrator did not deviate from a trial court order or from a prior unchallenged arbitration decision; he merely modified the deadlines in his own scheduling order for the submission of evidence in the matter pending before him.

28

too—by challenging the arbitrator's authority to extend the deadlines in the scheduling order.[15]

We overrule Wife's final challenge to the judgment confirming the arbitration award.

## C. Husband and One Network's Appeal: Attorney's Fees

Turning to Husband and One Network's appeal, they argue that the trial court erred by striking the $50,000 in attorney's fees that the arbitrator had conditionally awarded to them if Wife contested confirmation of the arbitration award in the trial court. We agree.

"Unless grounds are offered for vacating, modifying, or correcting an [arbitration] award," the trial court "shall"—i.e., must—"confirm the award." Tex. Civ. Prac. & Rem. Code Ann. § 171.087; *see Hoskins*, 497 S.W.3d at 495 ("[T]he TAA mandates that, *unless* a statutory vacatur ground is offered, the court *shall* confirm the award." (emphasis in original)); *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 683, 687 (Tex. App.—Dallas 2010, pet. denied) ("A court must confirm an arbitrator's award on application unless an opposing party establishes a statutory

---

[15]Moreover, the scheduling order provided that, "[b]y agreement of the parties, proof of attorneys' fees and costs w[ould] be made by written submission following the Final Evidentiary Hearing," and because the evidentiary hearing had been continued to September 2 (at Wife's request), the scheduling order's September 2 deadline for fee-related evidence was no longer "following the Final Evidentiary Hearing." Arguably, then, the arbitrator's extension of the deadline for fee-related evidence was necessitated by the language of the scheduling order itself.

ground for vacating, modifying, or correcting the award."). Although Wife attempted to "offer[]" the trial court several "grounds . . . for vacating, modifying, or correcting [the] award," Tex. Civ. Prac. & Rem. Code Ann. § 171.087, the trial court rejected all of those grounds. And as we have already held, Wife has not shown error in the trial court's rejection of her grounds for vacatur.[16] *See supra* Section III.B.

Because no meritorious "grounds [we]re offered" to the trial court to justify vacating or modifying the arbitration award, it was required to confirm the award. Tex. Civ. Prac. & Rem. Code Ann. § 171.087. Accordingly, we reverse the portion of the confirmation judgment that removed the $50,000 in conditional attorney's fees that the arbitrator had awarded to Husband and One Network, and we render judgment aligning with the arbitration award.

## IV. Conclusion

Because the trial court had subject matter jurisdiction to enforce the divorce decree by compelling arbitration, we deny Wife's petition for mandamus relief. Tex. R. App. P. 52.8(a).

---

[16]On appeal, Wife raises new grounds to support the trial court's reduction of the fee award, but because these grounds were not raised before the trial court, they cannot provide a legal basis for affirming that court's judgment. *Cf. Singer v. Singer*, No. 04-21-00200-CV, 2021 WL 4443711, at *2 (Tex. App.—San Antonio Sept. 29, 2021, no pet.) (mem. op.) (reversing order denying confirmation of arbitration award because appellee did not file a timely motion to vacate so "she waived any challenge she may have had").

As for the confirmation judgment, we reverse the portion of the judgment that deletes the conditional trial attorney's fees awarded by the arbitrator and render judgment for the $50,000 in conditional attorney's fees that the arbitrator authorized for Husband and One Network if Wife unsuccessfully challenged confirmation of the arbitration award at the trial court level. *See* Tex. R. App. P. 43.2(c). Having overruled all of Wife's challenges to the other aspects of the judgment, we affirm the remainder of the judgment confirming the arbitration award. *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: February 15, 2024